MCDERMOTT WILL & EMERY LLP
William G. Gaede III (136184)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:   (650) 813-5000
Facsimile:    (650) 813-5100

*Attorneys for J.R. Carlson Laboratories, Inc.
and Metagenics, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC.<br><br>Plaintiff,<br><br>v<br><br>J.R. CARLSON LABORATORIES, INC. and METAGENICS, INC.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-2385 MJJ<br><br>**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NOS. 6,346,231 AND 6,652,879, AND FOR FALSE ADVERTISING UNDER §43(A) OF THE LANHAM ACT; COUNTERCLAIMS FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

In response to the Complaint for Patent Infringement and for False Advertising Under § 43(A) of the Lanham Act ("Complaint") filed in this action by Nordic Naturals, Inc. ("Nordic"), J.R. Carlson Laboratories, Inc. ("Carlson Labs") and Metagenics, Inc. ("Metagenics") (collectively "Defendants"), by their attorneys, submit their answer and affirmative defenses to the Complaint, as well as counterclaims against Nordic.

## DEFENDANTS' ANSWER

In response to the Complaint of Nordic, Defendants, by their attorneys, state as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore deny those allegations.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore deny those allegations.

3. Admitted.

4. Admitted.

### Jurisdiction and Venue

5. The statement in the first sentence of paragraph 5 is neither an averment nor an allegation to which a response is required. Defendants deny that venue and personal jurisdiction are proper in this Court.

6. Carlson Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies those allegations.

7. Metagenics lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies those allegations.

### Intradistrict Assignment

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

### Count I

9. The statement in paragraph 9 of the Complaint is neither an averment nor allegation to which a response is required.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint, except Defendants admit that U.S. Patent No. 6,346,231 ("the '231 Patent") was issued on the date alleged. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding assignment, and therefore deny the allegation.

11. Carlson Labs denies the allegations contained in paragraph 11 of the Complaint.

12. Metagenics denies the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

### Count II

14. The statement in paragraph 14 of the Complaint is neither an averment nor allegation to which a response is required.

McDermott Will & Emery LLP  
Attorneys At Law  
Palo Alto

1  15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except Defendants admit that U.S. Patent No. 6,652,879 ("the '879 Patent") was issued on the date alleged. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding assignment, and therefore deny the allegation.

16. Carlson Labs denies the allegations contained in paragraph 16 of the Complaint.

17. Metagenics denies the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

### Count III

19. The statement in paragraph 19 of the Complaint is neither an averment nor allegation to which a response is required.

20. Carlson Labs denies the allegations contained in paragraph 20 of the Complaint.

21. Carlson Labs denies the allegations contained in paragraph 21 of the Complaint.

22. Metagenics denies the allegations contained in paragraph 22 of the Complaint.

23. Metagenics denies the allegations contained in paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore deny those allegations.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore deny those allegations.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

28. The allegations of the Complaint fail to state a claim upon which relief can be granted and should be dismissed.

### Second Affirmative Defense

29. Nordic is not entitled to any relief against Defendants because Defendants have not infringed and are not infringing any of the claims of the '231 or '879 patents, either directly or indirectly, or literally or under the doctrine of equivalents.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**Third Affirmative Defense**

30. On information and belief, the claims of the '231 patent are invalid because they fail to satisfy the conditions for patentability, including as specified in 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 282.

**Fourth Affirmative Defense**

31. On information and belief, the claims of the '879 patent are invalid because they fail to satisfy the conditions for patentability, including as specified in 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 282.

**Fifth Affirmative Defense**

32. Upon information and belief, Nordic's claim for relief is barred, in whole or in part, by the doctrine of laches or waiver, or both.

**Sixth Affirmative Defense**

33. Upon information and belief, Nordic's claim for relief is barred, in whole or in part, by the application of the doctrine of equitable estoppel, including, but not limited to, the doctrine of prosecution history estoppel.

**DEFENDANTS' COUNTERCLAIMS**

As and for their counterclaims, Defendants complain as follows:

34. Carlson Labs is a corporation organized and existing under the laws of Illinois, having a principal place of business at 15 College Drive, Arlington Heights, IL 60004-1985.

35. Metagenics is a corporation organized and existing under the laws of Delaware, having a principal place of business at 100 Avenida La Pata, San Clemente, CA 92673.

36. Upon information and belief, Nordic is a corporation organized and existing under the laws of California, having a principal place of business at 94 Hangar Way, Watsonville, CA 95076.

37. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.

38. Nordic is subject to personal jurisdiction in this judicial district because of its appearance as a plaintiff in this action.

39. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## Count I

### (For Declaratory Judgment of Non-Infringement of the '231 Patent)

40. Defendants repeat and reallege the allegations of the preceding paragraphs in this counterclaim as if fully set forth herein.

41. Contrary to Nordic's allegations, Defendants are not infringing, and have not infringed, directly, by inducement, contributorily, or in any way, any valid and asserted claim of the '231 patent.

42. To resolve the legal and factual questions raised by Nordic, and to afford relief from the uncertainty and controversy that Nordic's allegations have precipitated, Defendants are entitled to a declaratory judgment that they do not infringe any valid and asserted claim of the '231 patent.

## Count II

### (For Declaratory Judgment of Non-Infringement of the '879 Patent)

43. Defendants repeat and reallege the allegations of paragraphs 34 through 39 in this counterclaim as if fully set forth herein.

44. Contrary to Nordic's allegations, Defendants are not infringing, and have not infringed, directly, by inducement, contributorily, or in any way, any valid and asserted claim of the '879 patent.

45. To resolve the legal and factual questions raised by Nordic, and to afford relief from the uncertainty and controversy that Nordic's allegations have precipitated, Defendants are entitled to a declaratory judgment that they do not infringe any valid and asserted claim of the '879 patent.

**Count III**

**(For Declaratory Judgment of Invalidity of the '231 Patent)**

46. Defendants repeat and reallege the allegations of paragraphs 34 through 39 in this counterclaim as if fully set forth herein.

47. Contrary to Nordic's allegations, one or more of the claims of the '231 patent is invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

48. To resolve the legal and factual questions raised by Nordic , and to afford relief from the uncertainty and controversy that Nordic's allegations have precipitated, Defendants are entitled to a declaratory judgment that one or more of the claims of the '231 patent is invalid.

**Count IV**

**(For Declaratory Judgment of Invalidity of the '879 Patent)**

49. Defendants repeat and reallege the allegations of paragraphs 34 through 39 in this counterclaim as if fully set forth herein.

50. Contrary to Nordic's allegations, one or more of the claims of the '879 patent is invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

51. To resolve the legal and factual questions raised by Nordic , and to afford relief from the uncertainty and controversy that Nordic's allegations have precipitated, Defendants are entitled to a declaratory judgment that one or more of the claims of the '879 patent is invalid..

**DEFENDANTS' PRAYER FOR RELIEF ON COUNTERCLAIMS**

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and grant the following relief:

A. A declaration that Defendants do not infringe any valid and asserted claim of U.S. Patent Nos. 6,346,231 or 6,652,879;

B. A declaration that U.S. Patent Nos. 6,346,231 and 6,652,879 are invalid;

C. Dismissal of all of Nordic's claims in their entirety with prejudice;

D. A declaration that Nordic take nothing by way of its complaint; and

1      E.    An Order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

DATED:  June 5, 2007      Respectfully submitted,

By:  */s/ William G. Gaede, III*
    William G. Gaede, III
    MCDERMOTT WILL & EMERY LLP
    3150 Porter Drive
    Palo Alto, CA 94304-1212
    Tel: 650.813.5000
    Fax: 650.813.5100
    Email: wgaede@mwe.com

*Attorneys for J.R. Carlson Laboratories, Inc. and Metagenics, Inc.*

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

DATED: June 5, 2007

Respectfully submitted,

By: */s/ William G. Gaede, III*
William G. Gaede, III
MCDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650.813.5000
Fax: 650.813.5100
Email: wgaede@mwe.com

*Attorneys for J.R. Carlson Laboratories, Inc. and Metagenics, Inc.*