BEHROOZ SHARIATI (State Bar No. 174436)
bshariati@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Attorneys for Plaintiff
*Nordic Naturals, Inc.*

WILLIAM G. GAEDE III (State Bar No. 136184)
wgaede@mwe.com
MCDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Attorneys for Defendants
*J.R. Carlson Laboratories, Inc.*
*and Metagenics, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC.<br><br>Plaintiff,<br><br>v<br><br>J.R. CARLSON LABORATORIES, INC. and METAGENICS, INC.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. **C-07-2385 MJJ**<br><br>**(REVISED) STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that the Producing Party has a good faith belief that the item so designated constitutes a trade secret or other confidential research, development or commercial information within the meaning of F.R.Civ.P. 26(c)(7), including but not limited to, information such as trade secrets, processes, operations, style of work, or apparatus, or information related to production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses or expenditures.

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: information (regardless of how generated, stored or maintained) or tangible things the Producing Party has a good faith belief that the item so designated meets the requirements of "Confidential" and further that the item contains non-public and sensitive information concerning financial data, marketing information, strategic business plans, products that are currently in development and have not

- 2 -

(REVISED) PROTECTIVE ORDER
CASE NO. C-07-2385 MJJ

been disclosed publicly, or concerning any pending domestic or foreign patent applications to the extent such application is otherwise discoverable, or information that would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.7.    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

    2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    2.9.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.10    House Counsel: attorneys who are employees of a Party.

    2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

    2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current Employee, and who has not been an Employee within the past three (3) years, of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an Employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation. For purposes of this definition, a "competitor" shall mean any company and/or individual who is engaged in the manufacture or sale of flavored gelatin capsules. For purposes of this definition, the term "Employee" may include a contractor or consultant that would be classified as an employee under the applicable California State laws, but who is compensated as an independent contractor.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the final termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect for one (1) year following the final termination of this litigation. The Court's jurisdiction to enforce the terms of this order shall terminate one (1) year after the final disposition of this action, including all appeals.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of

protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

      (a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.

      A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

      (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

testimony may designate the entire transcript as ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). If requested by another party or non-party, the designating party shall within 20 days of receiving the written transcript of the proceeding, identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3    <u>Inadvertent Failures to Designate</u>. All information produced, regardless of designation, shall be treated as though designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for seven (7) days after being received. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and for no other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been finally terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) litigation consultants (e.g., graphics vendors, jury consultants, etc.) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and may testify concerning all CONFIDENTIAL INFORMATION that he or she wrote or received. Without in any way limiting the generality of the foregoing:

(i) a present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all documents and information designated as CONFIDENTIAL INFORMATION by the Producing Party;

(ii) a former director, officer, agent, consultant and/or employee of a Producing Party may be interviewed, examined and may testify concerning any document or information designated as CONFIDENTIAL INFORMATION by the Producing Party that was written or received by the witness during the course of his or her association with the Producing Party; and

(iii) non-parties may be interviewed, examined or testify concerning any document or information designated as CONFIDENTIAL INFORMATION by a Producing Party that appears on its face or from other documents or testimony to have been written or received by the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

CASE NO. C-07-2385 MJJ

    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

    (c) litigation consultants (e.g., graphics vendors, jury consultants, etc.) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    (f) except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and may testify concerning all HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY that he or she wrote or received. Without in any way limiting the generality of the foregoing:

        (i) a present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all documents and information designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY by the Producing Party;

        (ii) a former director, officer, agent, consultant and/or employee of a Producing Party may be interviewed, examined and may testify concerning any document or information designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY by the Producing Party that was written or received by the witness during the course of his or her association with the Producing Party; and

        (iii) non-parties may be interviewed, examined or testify concerning any document or information designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY by a Producing Party that appears on its face or from other documents or testimony to

have been written or received by the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding four years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding four years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) within seven court days to try to resolve the matter by agreement. If no agreement is reached, the Party objecting to the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) to prevent such disclosure within twelve (12) days of meeting and conferring under this section. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert should be denied, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration

1  in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the
2  extent and the content of the meet and confer discussions) and sets forth the reasons advanced by
3  the Designating Party for its refusal to approve the disclosure. If no motion is filed within twelve
4  (12) days as specified in this section, the objecting party will be deemed to have withdrawn their
5  objection and the disclosure of information to the expert is authorized.
6       In any such proceeding the Party opposing disclosure to the Expert shall bear the
7  burden of proving that the risk of harm that the disclosure would entail (under the safeguards
8  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

9      8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
10  LITIGATION.
11       If a Receiving Party is served with a subpoena or an order issued in other litigation
12  that would compel disclosure of any information or items designated in this action as
13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the
14  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately
15  and in no event more than three court days after receiving the subpoena or order. Such
16  notification must include a copy of the subpoena or court order.
17       The Receiving Party also must immediately inform in writing the Party who
18  caused the subpoena or order to issue in the other litigation that some or all the material covered
19  by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party
20  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action
21  that caused the subpoena or order to issue.
22       The purpose of imposing these duties is to alert the interested parties to the
23  existence of this Protective Order and to afford the Designating Party in this case an opportunity
24  to try to protect its confidentiality interests in the court from which the subpoena or order issued.
25  The Designating Party shall bear the burdens and the expenses of seeking protection in that court
26  of its confidential material – and nothing in these provisions should be construed as authorizing or
27  encouraging a Receiving Party in this action to disobey a lawful directive from another court.
28      9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

Civil Local Rule 79-5 in conjunction with this Court's Standing Order requires the following steps be followed.

    a.) File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable;

    b.) Lodge with the Clerk and serve a proposed order sealing the document;

    c.) Lodge with the Clerk and serve the entire document, contained in an 8 ½ inch by 11 inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL";

    d.) Provide instructions that the document is filed pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order of the court;

    e.) Further label the envelope to identify the title of the case, the case number, and the title of the document; and

    f.) Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

11. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. <u>MISCELLANEOUS</u>

12.1  <u>No Waiver of Privilege</u>. The inadvertent or unintentional disclosure of privileged documents by way of inspection or production of documents (including physical objects) shall not constitute a waiver of the privilege including the attorney-client privilege or work product immunity or any other applicable privilege if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party informs the Receiving Party of any such documents as being covered under the attorney-client privilege or work product immunity or any other applicable privilege and requests return of such documents by the receiving party. At the request of the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or

1  work product immunity or other applicable privilege, but such challenge shall not be based on
2  waiver of privilege for the inadvertent disclosure.
3      12.2  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to
4  seek its modification by the Court in the future.
5      12.3  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective
6  Order no Party waives any right it otherwise would have to object to disclosing or producing any
7  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no
8  Party waives any right to object on any ground to use in evidence of any of the material covered
9  by this Protective Order.
10     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 15 Jan '08          _____
                               Attorneys for Plaintiff

DATED: 1/15/08             _____
                               Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____     _____
                               Hon. Martin J. Jenkins
                               United States District Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Nordic Naturals, Inc. v J.R. Carlson Laboratories, Inc. et. al*, Case No. C-07-2385 MJJ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____