1  MCDERMOTT WILL & EMERY LLP
   William G. Gaede III (136184)
2  3150 Porter Drive
   Palo Alto, CA  94304-1212
3  Telephone:     (650) 813-5000
   Facsimile:      (650) 813-5100
4
   Attorneys for *J.R. Carlson Laboratories, Inc.*
5  *and Metagenics, Inc.*

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9            IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 NORDIC NATURALS, INC.                    Case No. C-07-2385 MJJ

13                 Plaintiff,

14 v                                        **DEFENDANTS' OBJECTION TO
                                            [PROPOSED] ORDER CLARIFYING
                                            CLAIM CONSTRUCTION BRIEFING
15 J.R. CARLSON LABORATORIES, INC.          SCHEDULE [DOCKET NO. 38]**
   and METAGENICS, INC.
16
                   Defendants.
17

18 AND RELATED COUNTERCLAIMS

19

20        Because the [Proposed] Order Clarifying Claim Construction Briefing Schedule denies

21 Defendants a right to respond to Plaintiff's Opening Claim Construction brief and thereby would

22 result in manifest injustice, Defendants object to the proposed order.  An alternative proposed

23 order is attached.

24        The Scheduling Order filed by the Court on November 11, 2007 (Docket No. 27) provided

25 for "***the parties***" to file and serve Opening Claim Construction "***briefs***" on February 4,

26 Responsive Claim Construction "***briefs***" on February 18, and Reply Claim Construction "***briefs***"

27 on February 25, 2008.  Defendants filed their Opening Claim Construction brief in accordance

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    with what they understood to be the Court's straightforward order.  (Docket No. 35.)  Plaintiff

2    also filed its Opening Claim Construction brief on the same day.  (Docket No. 33.)

3        A dispute has arisen from the parties' different interpretations of the Court's Scheduling

4    Order: Plaintiff claims that Defendants are not permitted to file an Opening Claim Construction

5    brief.  On February 7, 2008, the parties jointly attempted to contact the Court to clarify the

6    briefing schedule, and explained the issue to the Court's law clerk.  Late in the day, Defendants

7    received word from opposing counsel that the Court intended to order that Plaintiff's February 4

8    brief would constitute Plaintiff's Opening Claim Construction brief, Defendants' February 4

9    Opening brief would constitute Defendants' *Responsive* Claim Construction brief, and Plaintiff

10   shall file a Reply brief on February 18, 2008.

11       The proposed order denies Defendants a right to respond to Plaintiff's proposed

12   constructions of the claims; Plaintiff alone is given that ability.  Defendants did not receive

13   Plaintiff's brief until the evening of February 4.  Deeming Defendants' February 4 *Opening* brief

14   as its Responsive brief denies Defendants the opportunity to review and respond to Plaintiff's

15   brief.  Compounding the prejudice to Defendants, Plaintiff is given the right to reply to

16   Defendants' brief.  Nothing in the Federal Rules of Civil Procedure or Local Rules of the Court

17   contemplates such a result, which is inherently unfair and prejudicial to Defendants.

18   Reconsideration is appropriate if there is clear error or the initial decision was manifestly unjust.

19   *See, e.g., School Dist. No. 1J, Multnomah Cty. v. Acands, Inc.,* 5 F.3d 1255 , 1263 (9th Cir. 1993).

20       If Defendants misinterpreted the Court's Scheduling Order (although that is inconsistent

21   with the recollection of Defendants' counsel from the CMC), two reasonable alternatives to the

22   proposed order exist that preserve Defendants' right to respond to Plaintiff's claim construction

23   brief: (1) Defendants may file a brief in response to Plaintiff's opening claim construction brief;

24   or (2) Defendants may withdraw their opening brief and file a responsive claim construction brief

25   on February 18, per the Court's existing order.  Plaintiff is not unduly harmed by giving

26   Defendants a fair opportunity to oppose Plaintiff's claim constructions.

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' OBJECTION
TO [PROPOSED] ORDER
CASE NO. C-07-2385 MJJ

1    **I.    CONCLUSION**

2        For the reasons above, Defendants respectfully object to the [Proposed] Order Clarifying

3    Claim Construction Briefing Schedule and request entry of the [Alternative Proposed] Order

4    instead.

5    DATED:    February 8, 2008            MCDERMOTT WILL & EMERY LLP

6

7                        By:    */s/ William G. Gaede, III*
                                    William G. Gaede, III

8
                            Attorneys for *J.R. Carlson Laboratories,*
9                           *Inc. and Metagenics, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

MPK 138294-1.062114.0123            - 3 -            DEFENDANTS' OBJECTION
TO [PROPOSED] ORDER
CASE NO. C-07-2385 MJJ