# Exhibit D
# to Baker Declaration In Support of Defendants' Claim Construction Brief

MPK 138108-1.062114.0123
2/4/08

In the United States Patent and Trademark Office

Applicant: Joar Opheim
Serial Number: 09/416017
Filed: Oct. 6, 1999
Title: Flavored Gelatin Capsule and Method of Manufacture
Examiner: Isis Ghali
Group Art Unit: 1615

Amendment A

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

In response to the Office Action dated March 21, 2000, please amend the above identified application as follows:

Specification:
Page 5, line 7, after "invention" insert --as are other digestible oils--.
Page 7, line 19, after "to" insert --about 6% to about 12%, and preferably--.

Claims:
Claim 1, please rewrite Claim 1, as Claim 1 (amended) as follows:
1. (amended) A flavored gelatin capsule, said capsule encapsulating a dose, and said capsule comprising:
   (a)   about 10 to about 70 parts by weight of gelatin;
   (b)   about 10 to about 35 parts by weight of a polyol;
   ([b]c)   about 8 [parts] per cent by weight of water; and
   ([c]d)   above 0.5 [parts] per cent by weight of a water soluble flavoring, whereby said flavoring of said capsule improves the palatability of said capsule and the dose and whereby ingestion of the capsule and the dose is encouraged.

Claim 2, please rewrite Claim 2, as Claim 2 (amended) as follows:
2. (amended) A flavored gelatin capsule, said capsule encapsulating a dose, said gelatin capsule comprising:
   (a)   about 10 to about 70 parts by weight of gelatin;
   (b)   about 10 to about 35 parts by weight of a polyol;
   ([b]c)   about 8 [parts] per cent by weight of water; and
   ([c]d)   up to about 0.5 [parts] per cent by weight of a water soluble flavoring, whereby said flavoring of said capsule improves the palatability of said capsule and the dose, and ingestion of the dose is encouraged.

Application Number 09/416,... Joar Opheim    Amendment A

a1 cntrl

Claim 3, please rewrite Claim 3, as Claim 3 (amended) as follows:
3. (amended) A flavored gelatin capsule, said capsule encapsulating a dose, said gelatin capsule comprising:
  (a) about [20] 10 to about [25] 70 parts by weight of a forming agent, said forming agent chosen from [a] the group [including] consisting of animal gelatin, fish gelatin and vegetable starch;
  (b) about [9] 10 to about [10] 35 parts by weight of a polyol;
  ([b]c) about 6 to about 12 [parts] per cent by weight of water; and
  ([c]d) a water soluble flavoring, whereby said flavoring of said capsule improves the palatability of said capsule and the dose and the ingestion of the dose is encouraged.

Claim 4, line 2, please change "that includes" to --consisting of--.

Claim 7, line 5, please change "8 parts" to --8 per cent--.
Claim 7, line 6, please change "parts" to --per cent--.

Claim 8, line 2, please change "that includes" to --consisting of--.

a2

Claim 12, please rewrite Claim 12 as Claim 12 (amended) as follows:
12. (amended) The flavored gelatin capsule according to claim [7] 10 wherein said digestible oil [is] comprises fish oil.

a3

Claim 16, please rewrite Claim 16 as Claim 16 (amended) as follows:
16. (amended) A flavored [gelatin] capsule composition[, said] comprising:
  a dose of a nutritional agent; and
  a flavored gelatin capsule, said flavored gelatin capsule encapsulating said nutritional agent, [and] said capsule comprising about 10 to about 70 parts by weight of a gelatin, about 10 to about 35 parts by weight of a [glycerol] polyol, about 8 [parts] per cent by weight of water, and above 0.5 [parts] per cent by weight of a water soluble flavoring, whereby said flavoring in said capsule improves the palatability of said nutritional agent and whereby ingestion of the nutritional agent is encouraged.

Claim 17, please rewrite Claim 17 as Claim 17 (amended) as follows:
17. (amended) A method of forming a flavored gelatin capsule comprising a gelatin shell for containing a [gelatin capsule] dose, said flavored capsule being formed by the acts of:
  (1) combining gelatin, glycerol, water and a flavoring;
  (2) forming a gelswatch by melting and mixing said gelatin, said glycerol, said water and said flavoring;
  (3) forming a capsule by encapsulating a dose of oil with a portion of said gelswatch; and

2

Application Number 09/416,\   Joar Opheim   Amendment A



(4) drying said capsule [to] at about 28 degrees Celsius, whereby said capsule and said dose are made palatable for human ingestion and sufficiently rugged for packaging and shipment.

Please add Claim 18 through Claim 23 as follows:

18. The flavored gelatin capsule defined in claim 1 wherein said dose comprises fish oil.
19. The flavored gelatin capsule defined in claim 2 wherein said dose comprises fish oil.
20. The flavored gelatin capsule defined in claim 19 wherein said fish oil comprises 80% or more by weight of Omega 3 compounds and the gelatin capsule comprises from about 0.25% to about 0.5% by weight of the water soluble flavoring.
21. The flavored gelatin capsule defined in claim 3 wherein said dose comprises fish oil.
22. The flavored gelatin capsule defined in claim 16 wherein the nutritional agent comprises fish oil.
23. The method defined in claim 17, wherein the capsule is dried to a water content between about 6 and about 12 per cent by weight.
24. The method defined in claim 23, wherein the capsule is dried to a water content between about six and about ten per cent by weight.

## REMARKS

1. **Claim Objections to claims 1-3**

The OA properly objected to the repeated use of the symbol (b) to represent two successive components of the composition. The amendments above to claims 1, 2, and 3 correct these errors.

2. **Claim Rejection to claim 12 based on 35 U.S.C. § 112 ¶ 2**

The OA rejected the limitation "oil" as having insufficient antecedent basis in claim 7 to which it referred. As amended above, claim 12 now refers to claim 10 rather than claim 7 so that "oil" in claim 12 now finds antecedent basis in "digestible oil" in claim 10. The proposed amendment to the specification was also made in order to provide express antecedent basis in the specification for "digestible oil" in claim 10. The addition of "digestible oil" to the specification is not new matter based on the reference in original claim 10.

3. **Claim Rejection of claims 1-3, 7, 16, and 17**

Claims 1-3, 7, 16, and 17 were rejected in the OA under 35 U.S.C. 103(a) as being obvious over Coapman (US 5,141,961) in view of Brox (US 4,744,988). Applicant hereby respectfully requests reconsideration and allowance of these claims as amended for the reasons enumerated below.

Coapman teaches a process for preparing soft gelatin capsules encapsulating a solution of a difficultly soluble pharmaceutical active. The soft gelatin capsule comprises from about 20 to 60% gelatin, 10 to 35% plasticizer (polyols) and 15 to 50% water (preferably 25 to 40% water) and optionally colorings and flavorings.

3

NOR 0000042

Application Number 09/416,L     Joar Opheim     Amendment A

Brox teaches a particularly stable soft gelatin capsule for encapsulating pharmaceuticals which are dissolved in polyethylene glycol. The Brox capsule shells are formed containing gelatin, glycerol, sorbitol or sorbitanes and water and are dried after filling. Brox teaches that during the drying of the capsules the water contained in the wall of the wet capsule normally does not completely vaporize. *Rather a small proportion of water will normally also pass into the filling* (see col. 5, lines 20-23). The tendency for water to be drawn from the shell into the filling during drying is an inherent feature of Brox due to the affinity of the filling (mostly ethylene glycol) for water (see col. 3, lines 58-65). Brox's teaching that all the water contained in the wall of the wet capsule does not vaporize is *not* a teaching in motivation towards partial drying, but rather is pointing out the inherent feature of Brox that not all of the water in the shell vaporizes because some of the water is drawn into the filling, resulting in a shell devoid of water after drying. This is clearly demonstrated in that all three of the examples show a substantial water content in the original wet shells with no water in the filling, followed by a totally water free shell after drying with some water having been drawn into the filling during drying (see col. 6, lines 18-25 and 58-63 and col. 7 lines 30-36).

### Coapman teaches away from combining with the drying taught by Brox

Coapman teaches that water is an *essential* component of the soft gelatin shells, because water is believed to aid in the rapid dissolution or rupture of the soft gelatin shell upon contact with the gastrointestinal fluids encountered in the body. Coapman teaches a shell which comprises about 15 to 50% water preferably 25 to 40% and most preferably about 30 to about 40% water. (see col. 9, lines 25 to 36). Coapman not only does not include a step of drying the capsules, but he teaches that a substantial water content in the shell is *essential*.

Given the teaching of the importance of water to Coapman, it would not be obvious to combine Coapman with the drying of Brox to make a shell substantially devoid of water. There is no teaching of a dried shell in Brox which is consistent with the *essential* feature taught by Coapman, a dried shell with 15 to 50% water.

### Even if, arguendo, Coapman and Brox were combined they would not include all of the elements of the instant invention.

Neither Coapman nor Brox teaches a gelatin capsule ("gelatin capsule" in the instant application is used in the same sense as "shell" in Coapman and Brox- see page 6, line 6 of the application) with greater than 0% water and less than 15% water.

As indicated above, Coapman teaches that it is essential for the water content of the shell to be between 15% and 50% water. Brox teaches three different compositions of the dried shells (see the examples in columns 6 and 7 above) all of which are devoid of water. Brox's teaching of drying is a totally dry shell, where part of the drying is by vaporization and the remainder is due to the drawing of water into the filling due to the water attracting nature of the polyethylene glycol filling.

4

Application Number 09/416,L    Joar Opheim    Amendment A

The instant application teaches a dried shell which has less water content than Coapman yet more water than Brox. Water content is significant in flavored shells because, inter -alia, water soluble flavors are employed. Too much water as in Coapman results in reduction of the flavoring effect over time as well as allowing oxygen to diffuse into the filling. <u>Too little water as in Brox results in a distorted unpleasant taste, probably due to uneven distribution or precipitation of flavoring materials.</u> Hence the preferred ranges specified in the instant invention.

Further, while Coapman mentions flavoring as an optional capsule component he does not teach a quantity of flavor. The natural flavorings specified in claims 4,5,6,8, and 11 require either greater than 0.5% or 0.25% flavoring to produce a palatable capsule from a filling such as fish oil, depending on the composition of the fish oil (Omega 3 content).

<u>Objective Evidence- The instant invention satisfies a long felt need</u>
Applicant contends that the benefits of fish oil as a nutrient have been well known for many years however it has likewise been known for many years that many individuals who could benefit from the nutrient do not take it because of its unpleasant taste and aftertaste. Applicant contends that his compositions in accordance with claims 1,3,4,5,7,8, 9, 12, 13, 14, 15, and 16 made in accordance with claim 17, substantially satisfy the long felt need. The product in question is a gelatin capsule with 1% strawberry flavoring in both the shell and filling.

Applicant submits Exhibit 1 hereto, an expert declaration submitted under 37 C.F.R. 1.132 by a physician, William T. Wright, M.D., who prescribes and recommends Omega 3 fish oil products to his patients, which declaration attests to the long felt need and that the particular product in question uniquely satisfies that need.

Applicant further submits Exhibit 2, a declaration submitted under 37 C.F.R. 1.132 by the inventor who is managing partner of Nordic Naturals who supplied the above product referred to in Exhibit 1 which attests that he supplied the formulations referred to in Exhibit 1 and that they were made as described in accordance with the claims of the instant invention.

Applicant respectfully requests that these declarations be considered to prove that the instant invention is unobvious.

<u>4. Rejection of claims 4-6 and 8-15</u>
Claims 4-6 and 8-15 were rejected in the OA as being unpatentable over Stella et al. (US 5,874,418) in view of Story (US 5,738,871) and Garleb et al. (US 5,444,054). Applicant hereby respectfully requests reconsideration and allowance of these claims as amended for the reasons enumerated below.

<u>Stella et al. teaches "encapsulating agents" including gelatin (see col. 19 lines 65-67 and col. 20 lines 1-4). Stella also teaches "flavorants" and various types of "flavorants" including cinnamon, peppermint, or orange (col. 20, lines 5-11). Stella also teaches</u>

5

Application Number 09/416,.   Joar Opheim   Amendment A

"sweetening agents" including glycerin (col. 20 lines 12-16). Stella also teaches 'dietary supplements" which can include fish oils, and "active ingredients" which can include flavorings. While Stella seems to include mixing flavorants with active ingredients he does not anticipate adding flavorants or sweetening agents to the gelatin capsules, which is a key point in all of the claims and particularly claims 4-6. It should also be noted that Stella merely mentions the above terms as part of a large dictionary of terms to be used in his application and does not enable any of the compositions (e.g. amounts or concentrations of the components, water content).

Story teaches a hard gelatin capsule containing a fat soluble nutrient, including fish oil which contains EPA and DHA, and a liquid solvent (glycerol and water). Garleb teaches using strawberry flavor (Firmenich) to flavor a composition which contains EPA and DHA without a capsule.

In addition, all of the claims in question should be allowed for all the same reasons given for the independent claims to which they refer and should be allowed if the corresponding independent claim is allowed.

Further, relevant to claims 4-6, there is no teaching among Stella, Story, and Garleb to combine the particular flavors with the gelatin capsule (shell).

Further, relevant to claims 4-6 there is no teaching in any reference of a need for more than about 0.5% of the natural flavors listed in these claims. This quantity of these flavors is preferred for most fish oils to produce a palatable fish oil capsule, an object of this invention.

For the reasons above applicant hereby respectfully requests reconsideration and allowance of claims 4-6 and 8-15.

5. **Modified Claims and additional claims**
Claims 1, 2, and 3 were amended to correct the formal errors, and to change the water concentration from terminology as 'parts' to 'per cent' for clarity and to be consistent with the specification. In claim 3, errors in the quantities of components were corrected, likewise to be consistent with the specification. Also in claim 3 the language was amended to comply with proper Markush practice.

Claims 4 and 8 were also amended to comply with proper Markush practice.

Claim 7 was amended to refer to the composition as 'per cent' rather than 'parts' as in claims 1-3.

Claim 12 was amended to properly refer to claim 10 rather than claim 7 and to carry the modifier digestible from claim 10 for clarity.

Application Number 09/416,.    Joar Opheim    Amendment A

Claim 16 was amended to add the qualifier 'a nutritional agent' to dose to provide formal antecedent basis for 'the nutritional agent' later in the claim. 'Nutritional agent' finds antecedent basis within the specification in the 'Field of the Invention' which refers to 'medicinal and nutritive dose encapsulations' (see page 2, line 7).

Claim 17 was amended for clarity.

Additional claims 18, 19, 21, and 22 are dependent claims to claims 1, 2, 3, and 16 which add the further restriction that the dose comprises fish oil. The additional restrictions have antecedent basis in the specification and should be allowed by all the same arguments as were given for claims 1,2, 3, and 16.

Additional claim 20, further restricts claim 19 to a particular Omega 3 content and a narrower range of flavoring than claim 2, to which it ultimately refers. The restrictions have antecedent basis in the specification (see page 8, lines 4-12) and should be allowed by the same arguments as were given for claim 2.

Additional claims 23 and 24 add a restriction to the method of claim 17 relating to the extent of drying. The range about 6 to about 12 in claim 23 finds antecedent basis in the amended specification. The amendment relies on the disclosure in original claim 3 to avoid being considered new matter. The range about 6 to about 10 finds antecedent basis in the specification (see page 7, line 19). Additional claims 23 and 24 should be allowed based on the same arguments which were given for claim 17.

7

Application Number 09/416,t    Joar Opheim    Amendment A

### 6. Changes to the Specification

The addition of the words 'as are other digestible oils' on page 5, line 7 is to provide formal antecedent basis for 'digestible oil' in original claim 10. Applicant relies on the disclosure in original claim 10 to avoid having the addition considered new matter (MPEP 2163.06 III).

The addition of the words 'about 6% to about 12% and preferably' on page 7, line 19, are to provide formal antecedent basis for original and amended claim 3 and new claim 23. Applicant relies on the disclosure in original claim 3 to avoid having the addition considered new matter (MPEP 2163.06 III).

Applicant respectfully requests entry of these changes.

### 7. Conclusions

For all the reasons enumerated above applicant submits that the application is now in condition for allowance of all the claims 1 through 24 as amended.

Respectfully Submitted,

*/Howard E Lebowitz/*

Howard E. Lebowitz
Registration Number 44,864
Agent for the Applicant
905 West Middlefield Road, No. 971
Mountain View, CA 94043
Telephone 650-964-0665

8

Application Number 09/416,.    Joar Opheim    Amendment A

Exhibit 1
Declaration under 37 C.F.R. Section 1.132
by Dr. William T. Wright, M.D.

- 9 -

NOR 0000048

Sent By: NORDIC NATURALS INC;    831 662 0382;    Jun-1-00  5:23PM;    Page 1/2

In the United States Patent and Trademark Office

Applicant: Joar Opheim
Serial Number: 09/416017
Filed: Oct. 6, 1999
Examiner: Isis Ghali
Group Art Unit: 1615

### DECLARATION UNDER 37 C.F.R. Section 1.132

I, WILLIAM T. WRIGHT, M.D., declare and say as follows:

1. I am a physician licensed to practice medicine and surgery in the State of HAWAII. I am practicing medicine in my private practice located in HONOLULU, HAWAII. I am a graduate of University of Cincinatti, College of Medicine.

2. I prescribe and advise patients to use dietary supplements including Omega-3 fatty acids derived from fish oils.

3. The medical and nutritional benefits of these supplements have been well recognized by many physicians for many years as being beneficial to patients.

4. It has been likewise, well recognized by physicians for many years that these supplements are unpalatable to many patients. As a result many patients do not follow through and take the supplement as advised.

5. I have recently been providing a particular brand of Omega-3 supplement produced by Nordic Naturals™ known as New ProDHA, Pharmaceutical Grade Concentrated Omega-3 Supplement, Natural Strawberry Flavor to my patients.

6. I have observed that the above identified formulation is much more palatable to patients than other formulations which have previously been available, and largely resolves the long recognized need for a palatable Omega fish oil derived supplement. I believe that patient compliance is substantially improved with this formulation compared to others which are available.

7. All statements made herein of my own knowledge are true and all statements made on information and belief are believed to be true; these statements were made with the knowledge that willful false statements and the like so made are punishable by fine and imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing hereon.

8. The larger amount of less refined fish oil necessary to effect a therapeutic dose of DHA can cause gastric distress or diarrhea for some patients, eliminating it as a therapeutic option. The higher concentration of DHA in the Nordic Natural proDHA allows these patients to tolerate a therapeutic dose.

9. Further declarant saith not.

By: _____ Date 6/1/00
William T. Wright, M.D.

-10-

NOR 0000049

Exhibit 2

In the United States Patent and Trademark Office

Applicant: Joar Opheim
Serial Number: 09/416017
Filed: Oct. 6, 1999
Examiner: Isis Ghali
Group Art Unit: 1615

DECLARATION UNDER 37 C.F.R. Section 1.132

I, JOAR OPHEIM, declare and say as follows:

1. I am the inventor and applicant of the above identified application for Letters Patent of the United States. I reside at 117 Sea Terrace Way, Aptos, CA.
2. I am managing partner of Nordic Naturals Company of Aptos, CA.
3. Nordic Naturals supplied the ProDHA Omega-3 Supplement with Natural Strawberry flavor to Dr. William T. Wright of Honolulu, Hawaii for distribution to his patients, and this formula is the product to which he refers in his accompanying declaration.
4. The ProDHA Omega-3 Supplement described above is an Omega-3 fish oil product rich in Omega-3 fatty acids and particularly in DHA.
5. The ProDHA Omega-3 Supplement was manufactured to my specification in accordance with claims 1,3,4,5,7,8, 9, 10,12, 13, 14, 15, and 16, and made in accordance with claim 17 of my patent application referenced above.
6. The ProDHA Omega-3 Supplement described above was flavored with natural strawberry flavor with 1% strawberry flavor in the gel capsule (the shell) and 1% strawberry flavor in the fish oil filling.
7. All statements made herein of my own knowledge are true and all statements made on information and belief are believed to be true; these statements were made with the knowledge that willful false statements and the like so made are punishable by fine and imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patents issuing hereon.
8. Further declarant saith not.

By: _____ Date 6,12.00.
Joar Opheim

11

NOR 0000050

06-16-00                                    GAU1615
                                              $


**Howard E. Lebowitz, Registered Patent Agent**

905 West Middlefield Road, No. 971     Phone: 650-964-0665
Mountain View, CA 94043                Fax: 978-246-8341
                                       Email: hlebowitz@ffs-group.com

June 15, 2000                          RECEIVED

Assistant Commissioner for Patents     JUN 2 1 2000
Washington, D.C. 20231
                                       TECH CENTER 1600/2900

Re:   Applicant      Joar Opheim
      Serial Number  09/416,017
      Filed          Oct. 6, 1999
      Title          Flavored Gelatin Capsule and Method of Manufacture
      Examiner       Isis Ghali
      Group Art Unit 1615

Sir:

Please find enclosed Amendment A to the above captioned application in reply to the examiner's action dated March 21, 2000.

The following items are enclosed:

1. Fee Transmittal form
2. Check for $153.00 excess claims fees
3. Power of Attorney, including change in correspondence address.
4. Amendment A, 11 pages including 2 exhibits
5. Return Receipt postcard

Respectfully,

Howard E. Lebowitz
Agent for the Applicant
Registration Number 44,864

Certificate of Mailing by Express Mail:

Express Mail Label Number  EK854300402US.  Date  6-15-00
I hereby certify that that this paper, including all the documents referred to above, is being deposited with the United States Post Office as Express Mail on the date shown above addressed to the Assistant Commissioner for Patents, Washington, DC 20231.

Howard E. Lebowitz  6-15-00
Howard E. Lebowitz, Reg. No. 44,864

NOR 0000051