Behrooz Shariati (State Bar No. 174436)
bshariati@jonesday.com
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    650-739-3939
Facsimile:    650-739-3900

Attorneys for Plaintiff
NORDIC NATURALS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J.R. CARLSON LABORATORIES, INC. and METAGENICS, INC.,<br><br>　　　　　Defendants. | Case No. C-07-02385 PJH<br><br>**PLAINTIFF NORDIC NATURALS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' DECLARATION OF DONALD R. STEELE**<br><br><br>Date:<br>Time:<br>Before:  The Honorable Phyllis J. Hamilton |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Nordic Naturals, Inc. ("Nordic"), pursuant to Civil L.R. 1-4, Patent L.R. 4-2(b), 4-3(b), 4-3(d), and 4-4, objects to, and moves to strike, Defendants' Declaration of Donald R. Steele. ("Steele Declaration", Exhibit A to Glore Decl.)

## ISSUE AND RELIEF SOUGHT

Without any prior disclosure or notice to plaintiff Nordic, and almost a month after the close of claim construction discovery, Defendants unveiled a declaration by Donald R. Steele in support of their Claim Construction Response brief. Prior to the February 18, 2008 filing, defendants had not even disclosed Mr. Steele's identity, let alone his opinions, to Nordic. Indeed, when Defendants mistakenly filed their opposition brief early as an opening brief[1], it was not supported by the Steele Declaration. The Defendants' last minute addition of the Steele Declaration is in violation of this Court's orders and the Local Rules and is simply unfair to Nordic that has never had an opportunity to evaluate this testimony or to examine Mr. Steele during the claim construction discovery period that closed on January 18, 2008.

Nordic objects to this evidence and asks the Court to strike the Steele Declaration and to enjoin Defendants from relying on any part of the Steele Declaration in support of claim construction.

Due to the Court's Order requiring Nordic's reply be filed by next Monday, February 25, 2008, Nordic also applies to the Court for an expedited ruling on this Motion. Nordic requests the Defendants respond by February 20, 2008 and, if needed, to conduct a teleconference hearing with the Court on Thursday, February 21, 2008 or at the Court's convenience. A separate application to expedite is included with this filing.

## I. ARGUMENT

### A. Defendants Failed to Disclose the Steele Declaration in Compliance with the Patent Local Rules and the Court's Scheduling Order

Patent Local Rules 4-2, 4-3, and 4-4 govern Defendants' disclosure of the Steele Declaration. The parties exchanged intrinsic and extrinsic claim construction evidence pursuant to the Court ordered schedule. Mr. Steele's identity, or his testimony, was not disclosed to Nordic as

---

[1] The defendants filed an opening brief at the same time as Nordic filed its opening brief on Feb. 4, 2008 mistakenly believing that the scheduling order required each party to file opening, opposition, and reply briefs. In response to the parties request for clarification, the Court permitted the Defendants to withdraw their untimely filed brief and to file an opposition brief on Feb. 18, 2008. *See* Court's Order, DI # 41, filed on Feb. 8, 2008.

NORDIC'S MTN. TO STRIKE STEELE DEC.
Case No. C-07-02385 PJH
- 2 -

part of the Defendants' Preliminary Claim Constructions, and that information was not included in the Defendants' portion of the Joint Claim Construction Statement. (Defendants Preliminary Claim Constructions and Identification of Extrinsic Evidence, Exhibit B to Glore Decl.; Joint Claim Construction and Prehearing Statement, Exhibit C to Glore Decl.) Instead, all parties affirmatively stated that no live testimony was contemplated. (JCC Statement at 3, Exhibit C to Glore Decl.) The Court ordered claim construction discovery closed on January 21, 2008. (Amended Joint Case Management Statement and Order, DI 27, filed 11/01/2007, Exhibit D to Glore Decl.)

Defendants have had several claim-construction-related conversations with Nordic prior to, and after the close of discovery. Each was a missed opportunity for Defendants to disclose Mr. Steele's testimony. The closest the Defendants came in making such a disclosure was in discussions related to a last-minute demand for a post-discovery deposition of the inventor on January 22, 2008. During that discussion, the Defendants indicated that they *may* use an expert witness for claim construction. Nordic objected and confirmed its objection in a January 23, 2008 letter to the Defendants. (See January 23, 2008 letter from Glore to Dennett, Exhibit E to Glore Decl.) Defendants did not respond to this letter, and again, did not disclose Mr. Steele's testimony.

The Defendants later requested Nordic stipulate to an amendment to their Joint Claim Construction Statement introducing new evidence after the close of discovery. ( January 31, 2008 Letter from Dennett to Shariati, Exhibit F to Glore Decl.). Once again, the proposed amended Statement from the Defendants did not include a reference to Mr. Steele's testimony. (Proposed Amended JCC, Exhibit F to Glore Decl.) Nordic declined to stipulate to the addition of new extrinsic evidence a few days before Nordic's opening claim construction brief was due. (January 31, 2008 letter from Glore to Dennett, Exhibit G to Glore Decl.) Defendants responded by stating that the amendment was necessary so that "the Court will have a full and complete record from which to make a reasoned judicial determination" but still did not disclose their intention to proffer Mr. Steele's declaration in support of their brief. (February 1, 2008 letter from Dennett to Glore, Exhibit H to Glore Decl.) Finally, on February 4, 2008 Defendants mistakenly filed an

Opening Claim Construction Brief that also did not include a declaration from Mr. Steele. After the scheduling order was clarified by the Court, the Defendants withdrew their untimely filed opening brief and filed an opposition brief under the Court's schedule on February 18, 2008. This was the very first time Nordic had heard of Mr. Steele or his opinions.

### B. Nordic is Prejudiced by This Last-Minute Inclusion of the Steele Declaration

Despite a number of opportunities to disclose Mr. Steele to Nordic, Defendants chose to rely on the Steele Declaration at the very last minute. This is unfair and prejudicial to Nordic. While the actual value of Mr. Steele's opinions is dubious at best (as described below), the fact that Nordic must now consider and respond to them, or to try to take the deposition of Mr. Steele less than a week before Nordic's reply brief is due, creates unfair and unjustified hardship for Nordic that would have been easily avoided if Defendants had disclosed their intended use of this testimony during the exchange of claim construction statements, as they were obligated to do under the Local Rules. If the Steele declaration is permitted to stand, Nordic will have to split its efforts and focus between responding to Defendants' other arguments in their Response, and tracking down responsive evidence, and possibly attempting to take discovery from Mr. Steele in the next 6 days while writing its own reply brief. There is no excuse for these last-minute maneuverings when Defendants had ample opportunity to properly disclose this testimony under the Local Rules, and when Nordic, by contrast, has followed the rules and made the disclosures required by the Local Rules when they were due.

### C. The Steele Declaration is Fails to Provide Evidence Of the Understanding Of a Person of Skill in the Art At the Time The Invention Was Made

Beyond the Defendants' failure to abide by the local rules, Mr. Steele's declaration fails to fulfill its intended purpose. First, Mr. Steele does not opine on the skill level of one of ordinary skill in the art, and does not even claim that he himself is one of ordinary skill in the art or that his understanding is the same as a person of skill in the art[2]. Second, he does not claim that his

---

[2] Nor is it possible to discern whether Mr. Steele is a person of skill in the art from the declaration itself because of the minimal amount of detail as to his experience level and occupation. For example, he does not provide any detail as to the exact types of activities he performed as part of his "experience in the research and development" to see if his experience is even relevant to the claim terms at issue here.

understanding of the meaning of these terms are the same as a person of skill in the art *at the time the claimed inventions were made*. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*), *cert. denied*, 546 U.S. 1170 (2006). Thus, even if the Defendants' procedural failures can be somehow overlooked, the declaration fails the very basic test of relevance because it provides no evidence of what a person of ordinary skill in the art would understand the disputed terms to mean at the time these inventions were made.

Nor can the Defendants justify this declaration as a response to Nordic's arguments since Nordic has relied solely on the intrinsic evidence and published extrinsic evidence provided to Defendants prior to the close of discovery and has offered no declaration of its own.

Finally, the entire purpose of this declaration is for Defendants to use this dubious source of extrinsic evidence to import limitations and to vary the scope of the claims by adding limitations that do not appear in the claims. The use of extrinsic evidence in this manner is strongly discouraged by the Federal Circuit in Phillips. *See Phillips*, 415 F.3d at 1314-17 (noting, for example, "…conclusory, unsupported assertions by experts as to the definition of a claim term are not useful to a court. Similarly, a court should discount any expert testimony 'that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent.'" (citations omitted)).

Thus, the evidentiary value of the Steele Declaration is highly questionable and is outweighed by the prejudice to Nordic due to the Defendants' failure to disclose it during the claim construction discovery period. The last minute introduction of this type of extrinsic evidence is not warranted.

(continued…)

## II. CONCLUSION

For at least the reasons set out above, The Court should strike the Steele Declaration and preclude its use at the hearing. Defendants had ample opportunities under the Patent Local Rules to disclose this evidence. Defendants had ample opportunities after the close of claim construction discovery to disclose their intent to use this evidence, and failed to do so. Defendants' last-minute attempt to introduce new evidence in an effort to import limitations into the claims, is both prejudicial to Nordic's and legally unjustified. The Steele declaration should, therefore be struck and Defendants should not be allowed to rely on it in any way.

Dated: February 19, 2008                    Respectfully submitted,

                                            Jones Day


                                            By: /S/ Behrooz Shariati
                                                Behrooz Shariati

                                            Counsel for Plaintiff, Nordic Naturals, Inc.

SVI-55108