# EXHIBIT D

WILLIAM G. GAEDE III (State Bar No. 136184)
wgaede@mwe.com
MCDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Attorneys for Defendants
*J.R. Carlson Laboratories, Inc.*
*and Metagenics, Inc.*

BEHROOZ SHARIATI (State Bar No. 174436)
bshariati@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Attorneys for Plaintiff
*Nordic Naturals, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC.<br><br>Plaintiff,<br><br>v<br><br>J.R. CARLSON LABORATORIES, INC. and METAGENICS, INC.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-2385 MJJ<br><br>**AMENDED JOINT RULE 26(f) REPORT**<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT AND ORDER** |

    Pursuant to the Case Management Conference on August 14, 2007, and the Court's Pretrial Order of the same day, the parties submit this Joint Rule 26(f) Report and Amended Joint Case Management Statement.

SVI-48910v8

- 1 -

JT RULE 26(F) RPT
JT CASE MGMT STMT
CASE NO. C-07-2385 MJJ

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over Plaintiff Nordic Naturals, Inc., ("Nordic Naturals") patent infringement case against Defendants J.R. Carlson Laboratories, Inc., ("Carlson Labs") and Metagenics, Inc., ("Metagenics") (collectively "Defendants") pursuant to 28 U.S.C. §§1331 and 1338(a) as Nordic Natural's claims arise under the patent laws of the United States of America, and specifically under 35 U.S.C. §§ 271(a), 271(b) and 271(c), and under Section 43(a) of the Lanham Act, 15 U.S.C. §1125. This Court has subject matter jurisdiction over Defendants' declaratory judgment counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201. No dispute exists regarding personal jurisdiction.

Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b). All parties have been served.

## II. DESCRIPTION OF THE CASE

Nordic Naturals, Inc. ("Nordic Naturals"), J.R. Carlson Laboratories, Inc. ("Carlson"), and Metagenics, Inc. ("Metagenics") sell fish oil capsules in the United States market.

Nordic Naturals is the assignee of two patents: U.S. Patent No. 6,346,231 ("'231 Patent") issued February 12, 2002 and U.S. Patent No. 6,652,879 ("'879 Patent") issued November 25, 2003. On May 2, 2007, Nordic Naturals filed this suit against Carlson and Metagenics claiming infringement of the '231 and '879 Patents, and also asserting a claim of false advertisement under Section 43(a) of the Lanham Act. Specifically, Nordic Naturals asserts that Carlson falsely represents that its Lightly Lemon fish oil capsules are lemon flavored and that Metagenics falsely represents that its "EPA-DHA Extra Strength Lemon Flavored Concentrated and Stabilized Purity-Certified, Omega-3 Fish Oil Capsules" are lemon flavored. Discovery has just begun and Nordic Naturals reserves its right to add additional false advertisement claims for additional products based on discovery.

The parties stipulated to an extension of time for Defendants to respond to the Complaint. On June 5, 2007 Defendants filed their Answer in which Defendants deny infringement of the patents asserted by Nordic Naturals. Carlson also denies that it falsely represents that its Lightly

Lemon fish oil capsules are lemon flavored. Metagenics also denies that its EPA-DHA Extra Strength Lemon Flavored Concentrated and Stabilized Purity-Certified, Omega-3 Fish Oil Capsules are lemon flavored. Defendants further assert affirmative defenses and/or declaratory judgment counterclaims including patent invalidity, non-infringement, estoppel/laches, and equitable estoppel in regard to the '231 and '879 patents.

On June 6, 2007 Nordic Naturals filed its Answer to Defendants Counterclaims for Declaratory Judgment of Non-infringement and Invalidity.

### III. THE PRINCIPAL FACTUAL ISSUES IN DISPUTE

The parties dispute the following factual issues:

a) Whether Defendants have each infringed or are infringing the Nordic Naturals patents-in-suit;

b) Whether the Nordic Naturals patents-in-suit are invalid;

c) Whether the Nordic Naturals patents-in-suit are unenforceable;

d) Whether Nordic Naturals' infringement claims are barred or limited in whole or in part by equity;

e) Whether Nordic Naturals is entitled to damages for Defendants' alleged infringing actions;

f) Whether Carlson has falsely advertised that its Lightly Lemon fish oil capsules are lemon flavored in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

g) Whether Carlson has falsely advertised that other of its products are flavored in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

h) Whether Metagenics has falsely advertised that its EPA-DHA Extra Strength Lemon Flavored Concentrated and Stabilized Purity-Certified, Omega-3 Fish Oil Capsules are lemon flavored in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

i) Whether Metagenics has falsely advertised that other of its products are flavored in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

j) Whether Nordic Naturals is entitled to an award of damages for alleged harm caused by Defendants' alleged false, misleading and deceptive advertising;

k) Whether injunctive relief is proper; and

l) Whether this case is exceptional under 35 U.S.C. §285.

## IV. THE PRINCIPAL LEGAL ISSUES IN DISPUTE

The principle legal issues which the parties dispute:

a) The meaning of various claim terms of the asserted claims of the Nordic Naturals patents-in-suit; and

b) Whether either party is entitled to attorneys fees and costs pursuant to 35 U.S.C. §285.

## V. MOTIONS AND HEARINGS

**Pending Motions.** No pending motions are currently in front of the Court in this action.

**Markman Hearing.** Nordic Naturals' claim construction presentation shall go first, followed by Defendants' presentation(s). If it will be useful to the Court, the parties are willing to present tutorials concerning the underlying technology in this case and/or to call live witnesses at the claim construction hearing.

**Pre-Trial Motions.** The parties anticipate filing motions for summary judgment.

## VI. AMENDMENT OF PLEADINGS

The parties do not contemplate amending the pleadings at this time, nor do the parties contemplate adding any additional parties. The deadline for the filing of any amended pleadings shall be October 26, 2007.

## VII. EVIDENCE PRESERVATION

All parties have taken appropriate steps to preserve and any all evidence that may be of relevance to the issues in the present action.

## VIII. DISCLOSURES

The parties have agreed to exchange their initial disclosures pursuant to Fed. R. Civ. P. 26(a) on August 15, 2007.

## IX. DISCOVERY

The parties conducted their Rule 26(f) Conference on July 20, 2007. Nordic Naturals has served Defendants with interrogatory and document requests. Metagenics and Carlson will serve Nordic Naturals with interrogatories, document requests, and requests for admission. Discovery in the case is on-going.

The parties agree to make the disclosures as required under the Patent Local Rules as described in the proposed schedule set forth below.

**Depositions.** Each side shall have a total of sixty (60) hours for depositions of individual fact witnesses and 30(b)(6) witnesses. Each side may allocate its deposition time to individual witnesses or 30(b)(6) witnesses in the manner it sees fit. Whenever possible, Defendants shall jointly take depositions of witnesses in order to minimize the likelihood of duplicative questioning of witnesses.

**Expert Discovery.** The parties agree that expert disclosures and expert discovery should take place after the close of fact discovery. Expert depositions do not count against the deposition limits imposed in this case. Each party shall be limited to one seven hour deposition of each expert per expert report.

**Discovery Requests.** Each side shall be limited to serving 30 interrogatories, and 75 requests for documents and things. There shall be no hard limits on requests for admission, which shall instead be limited to a reasonable amount.

**Key Witnesses.** The key witnesses are disclosed in the initial disclosures.

**Essential Information.** Essential information for Nordic Naturals to prove its claims will be the making of, structure, and composition of the accused products; the nature and content of the statements and advertising of the accused products, and financial information.

Essential information for Defendants to prove their affirmative defenses and counterclaims will be the structure and composition of the accused products, prior art relating to the patents-in-suit, the prosecution histories of the patents-in-suit, the nature and content of the statements and advertising of the accused products, and financial information.

**Protective Order.** The parties contemplate that a protective order governing the treatment of confidential information will be required. The parties expect to submit a stipulated protective order that is similar to the model Stipulated Protective Order of the Northern District of California, with various modifications.

## X. CLASS ACTIONS

The parties do not anticipate the need for any class certification hearings.

## XI. RELATED CASES

There are no related cases.

## XII. RELIEF

Nordic Naturals seeks an order to enjoin Defendants from allegedly infringing the patents-in-suit and from making allegedly false representations related to the flavoring of their products. Nordic Naturals also seeks compensatory damages attributable to Defendants' alleged infringement and false statements in the amount of Nordic Naturals' lost profits and/or based on a reasonable royalty, costs of the suit and attorneys' fees, and prejudgment interest.

Defendants seek a declaration that the patents-in-suit are invalid, and unenforceable, and that Defendants do not infringe the patents-in-suit.

## XIII. SETTLEMENT AND ADR

The parties met and conferred on July 20, 2007 regarding an ADR process but did not reach agreement. Plaintiff Nordic Naturals believes this case is suitable for ADR, and believes ADR will be useful in settling the case or narrowing the issues in an efficient manner. Defendants do not believe this case is suitable for ADR. The parties have filed a Notice of Need for ADR Phone Conference pursuant to Civ. L. R. 16-8(c)(2) on July 31, 2007. The parties participated in the ADR Phone Conference on August 10, 2007.

On July 16, 2007 Metagenics and Carlson filed and served their ADR Certifications. On July 31, 2007 Nordic Naturals filed and served its ADR Certification.

### XIV. CONSENT TO MAGISTRATE JUDGE

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### XV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XVI. NARROWING OF ISSUES

Defendants anticipate that they may file an early motion for summary judgment that will narrow or dispose of the case.

### XVII. EXPEDITED SCHEDULE

Plaintiff and Defendants agree that this case is not suitable for expedited handling.

### XVIII. SCHEDULING

The parties propose that the Court adopt the following schedule based on the Court's guidelines, the Federal Rules of Civil Procedure, Local Rules, and Patent Local Rules.

| Date / Rule | Event |
| --- | --- |
| July 20, 2007 | Discovery Opens |
| July 31, 2007 / FRCP 26(f) & ADR L.R. 3-5; Parties' Stipulation | Last day to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan prior to Case Management Conference |
| July 31, 2007 L.R. 16-8(b) & (c) & ADR L.R. 3-5(b) & (c); Court's Order granting extension. | Last day to file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Telephone Conference |
| July 31, 2007 (may be August 7, 2007 if read to be included in Clerk's Notice resetting the date for the CMC) / FRCP 26(a)(1) & L.R. 16-9; Order Setting Initial CMC | Last day to complete Initial Disclosures or Objection to Rule 26(f) Report, and file Rule 26(f) Report |
| August 7, 2007 / FRCP 26(a)(1) & L.R. 16-9; Clerk's Notice Setting CMC in Reassigned case | Last day to file Joint Case Management Statement |

| Date / Rule | Event |
| --- | --- |
| August 9, 2007 / L.R. 16-10 | Last day to file and serve request to participate in Case Management Conference via telephone |
| August 14, 2007 / L.R. 16-10; Clerk's Notice Setting CMC in Reassigned case | Initial Case Management Conference – Courtroom B, 15th Floor, San Francisco |
| September 7, 2007 / Patent L.R. 3-1, 302 and per Stipulation of all Parties | Last day for Plaintiff to serve Disclosure of Asserted Claims and Preliminary Infringement Contentions and produce or make available for inspection documents in support thereof |
| October 26, 2007 | Last day to amend Complaints and Answers |
| October 22, 2007 / Patent L.R. 3-3, 3-4 and per Stipulation of all Parties | Last day for Defendants to serve Preliminary Invalidity Contentions and produce or make available for inspection documents in support thereof |
| November 1, 2007 / Patent L.R. 4-1(a) and per Stipulation of all Parties | Last day for parties to exchange lists of Proposed Terms and Claim Elements for Claim Construction |
| November 21, 2007 / Patent L.R. 4-2(a) and per Stipulation of all Parties | Last day for parties to exchange Preliminary Claim Constructions and provide preliminary identification of extrinsic evidence |
| December 21, 2007 / Patent L.R. 4-3 and per Stipulation of all Parties | Last day for parties to file Joint Claim Construction and Prehearing Statement |
| January 21, 2008 / Patent L.R. 4-4 and per Stipulation of all Parties | Last day to complete all discovery relating to Claim Construction |
| February 4, 2008 / Patent L.R. 4-5(a) and per Stipulation of all Parties | Last day for parties to file and serve Opening Claim Construction briefs |
| February 18, 2008 / Patent L.R. 4-5(b) and per Stipulation of all Parties | Last day for parties to file and serve Responsive Claim Construction briefs |
| February 25, 2008 / Patent L.R. 4-5(c) and per Stipulation of all Parties | Last day for parties to file and serve Reply Claim Construction briefs |
| March 5, 2008 at 2 P.M. | Patent Technology Tutorial |
| March 12, 2008 / Patent L.R. 4-6 | Claim Construction Hearing

The Claim Construction Hearing shall be limited to construing 10 terms total. |
| March 28, 2008 / L.R. 16-10(d) | Parties to file Supplemental Joint Case Management Statement |
| April 8, 2008 | Status Conference |

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

SVI-48910v8

- 8 -

Jt Rule 26(f) Rpt
Jt Case Mgmt Stmt
Case No. C-07-2385 MJJ

| Date / Rule | Event |
|---|---|
| *30 days after Markman Ruling* Patent L.R. 3-6(a) | Last day for Plaintiff to file and serve Final Infringement Contentions to amend Preliminary Infringement Contentions (if necessary) |
| *50 days after Markman Ruling* Patent L.R. 3-6(b) | Last day for Defendant to file and serve Final Invalidity Contentions to amend Preliminary Invalidity Contentions (if necessary) |
| *50 days after Markman Ruling* Patent L.R. 3-8 | Last day for Defendant to produce documents relating to willfulness |
| *60 (80) days after Markman Ruling* | Last day to exchange Expert Reports on issue on which the party bears the burden of proof (Disclosure of Expert Testimony) – Fact Discovery Closes |
| *7 days after exchange of Expert Reports* / L.R. 26-2 | Last day to file motions to compel fact discovery. |
| *14 days after exchange of Expert Reports* / FRCP 26(a)(2)(B) | Last day to exchange Rebuttal Expert Reports |
| *30 days after exchange of Rebuttal Expert Reports* | Close of Discovery, including depositions of experts |
| *7 days post discovery cut-off* / L.R. 26-2 | Last day to file motions to compel expert discovery |
| *14 days post discovery cutoff* | Last day to file dispositive motions |
| *21 days prior to hearing* / L.R. 7-3 | Last day to file oppositions to dispositive motions |
| *14 days prior to hearing* / L.R. 7-3 | Last day to file replies in support of dispositive motions |
| July 10, 2008 / *60 days prior to trial* | Last day for hearing of dispositive motions |
| L.R. 16-9(a) | Last day to meet and confer re preparation and content of joint pretrial conference statement and exchange (but not file or lodge) pretrial materials |
| August 1, 2008 / *37 days prior to trial* | Last day to file motions *in limine* |
| August 8, 2008 / *30 days prior to trial* / FRCP 26(a)(3) | Last day to file joint pretrial conference statement and pretrial disclosures (e.g. identify witnesses, designated testimony, exhibits) |
| *14 days after filing pretrial disclosures* / FRCP 26(a)(3) | Last day to file and serve objections to designated testimony, objections re admissibility |
| *14 days after motions* in limine *filed* | Last day to file oppositions to motions *in limine* |
| August 8, 2008 / *30 days prior to trial* | Last day to file Trial Briefs |

| Date / Rule | Event |
|---|---|
| August 8, 2008 / *30 days prior to trial* | Last day for parties to file/serve Joint Proposed Voir Dire, Joint Proposed Jury Instructions, Proposed Verdict Forms, Joint Proposed Findings of Fact/Separate Disputed Findings of Fact and Conclusions of Law |
| August 8, 2008 / *30 days prior to trial* | Pretrial Conference - Courtroom B, 15th Floor, SF |
| August 19, 2008 / *20 days prior to trial* / FRCP 45 | Last day to serve all subpoenas for attendance at trial |
| August 26, 2008 | Final Pretrial Conference |
| September 8 – 15, 2008 | TRIAL |

## XIX. TRIAL

The Court has indicated that it will hold a further Case Management Conference after the Markman Ruling to set the trial date and the remainder of the schedule. The trial is currently scheduled to last one (1) week.

All parties have requested that this case be tried to a jury.

## XX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Nordic Naturals**. Pursuant to Civil L.R. 3-16, Nordic Naturals has filed its "Certification of Interested Entities or Persons" on May 3, 2007 and restates that aside from the named parties, there is no such interest to report.

**Metagenics**. Pursuant to Civil L.R. 3-16, Metagenics will file its "Certification of Interested Entities or Persons." Metagenics states that aside from the named parties, the following entities or persons have an interest that could be substantially affected by the outcome of the proceeding:

Marine Nutriceuticals, Inc.

**Carlson Labs.**

Pursuant to Civil L.R. 3-16, Carlson Labs will file its "Certification of Interested Entities or Persons." Carlson Labs states that aside from the named parties, the following entities or persons have an interest that could be substantially affected by the outcome of the proceeding:

Marine Nutriceuticals, Inc.

XXI. **SERVICE LIST**

| ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT<br><br>Nordic Naturals, Inc. | **Behrooz Shariati** (State Bar No. 174436)<br>bshariati@jonesday.com<br>JONES DAY<br>1755 Embarcadero Rd.<br>Palo Alto, CA 94303<br>Telephone: (650)739-3939<br>Facsimile: (650)739-3900 |
|---|---|
| ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS<br><br>J.R. Carlson Laboratories, Inc. and Metagenics, Inc. | **William G. Gaede III** (State Bar No. 136184)<br>wgaede@mwe.com<br>MCDERMOTT WILL & EMERY LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304-1212<br>Telephone: (650) 813-5000<br>Facsimile: (650) 813-5100 |

Dated: August 17, 2007

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By: /s/ William G. Gaede<br>     William G. Gaede III | By: /s/ Behrooz Shariati<br>     Behrooz Shariati |
| Counsel for Defendants/Counter-Plaintiffs<br>J.R. Carlson Laboratories, Inc.,<br>Metagenics, Inc. | Counsel for Plaintiff/Counter-Defendant<br>Nordic Naturals, Inc. |

Pursuant to the above Joint Case Management Statement, IT IS SO ORDERED.

Dated: _____08/14/07_____
         nunc pro tunc

_____
Jenkins
Judge
Judge Martin J. Jenkins

SVI-48910v8

JT RULE 26(F) RPT
JT CASE MGMT STMT
CASE NO. C-07-2385 MJJ