# EXHIBIT H

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Debra L. Dennett
Associate
didennett@mwe.com
650.813.5107

February 1, 2008

VIA EMAIL: JEGLORE@JONESDAY.COM

James E. Glore
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303

Re:   *Nordic Naturals v. J.R. Carlson Laboratories, Inc. et al.*
      Case No. C-07-2385

Dear Jim:

We are surprised and disappointed by your January 31, 2008 letter rejecting our proposal that the parties stipulate to amending and updating the evidence contained in the Joint Claim Construction and Prehearing Statement. As you know, ***Defendants are not seeking to amend any of their constructions of claim terms***, but rather to include very limited additional evidence in further support of those constructions. It is difficult for us to understand your assertion that these proposed changes are "highly improper" and "prejudicial" to Plaintiff under any circumstances, especially in light of the fact that you have ***three opportunities*** to address the evidence: your initial claim construction brief, your opposition to Defendants' brief, and your reply brief.

Moreover, according to your letter, you do not object to ***all*** alterations and additions to the evidence identified in the Joint Claim Construction, only the ones we propose. Specifically, you stated that "to the extent a specific citation has already been provided for a different term, of [sic] if the addition is to correct an obvious clerical or typographical error, ***Nordic will not object*** to its use, or the use of a subset of the cited pages." None of the additional evidence that we intend to include, however, falls into the within the very narrow confines that you are willing to accept. You object to the inclusion of "new citations from existing references," which apparently means that you object to the Court's consideration of the following:

- 27 additional lines from a prior art patent (USPN 4,428,927) that you already included in the list of evidence for claim construction and which we identified to you as invalidating prior art on October 29, 2007;

- one additional page (page 6) from the 06/15/00 Amendment A (part of file history of the '231 patent that you produced), although both parties included other pages (pages 3, 4, and 5) from the same document in the list of evidence;

James E. Glore
February 1, 2008
Page 2

- one line (column 1, line 20) from the specification of the '231 patent that was not previously listed in the evidence chart;

- 12 additional pages from P. K. Wilkinson et al., *Softgels: Manufacturing Considerations, Drugs and the Pharmaceutical Sciences*, 41 (Specialized Drug Delivery Systems), P. Tyle, Ed. (Marcel Dekker, Inc., New York, 1990), although the reference itself and page 419 of the reference were previously disclosed in the list of evidence and in our October 29, 2007 invalidity contentions;

- one page from *Remington's Pharmaceutical Sciences*, a treatise specifically referenced in at least three of the prior art patents discussed by Plaintiff during prosecution of the patents-in-suit;

- two dictionary definitions from *Webster's New World College Dictionary*, 3rd Ed. (1995): "flavor" and "taste"; and

- a single subsection of the Code of Federal Regulations that addresses the meaning of the term "flavor."

With the exception of the dictionary definitions and the C.F.R. subsection, all of the above evidence was either *created* by Plaintiff or has been known to you for several months at a minimum. And although you did not include dictionary definitions for "flavor" or "taste" in your list of evidence, it has long been obvious that the meanings of these words is a matter of dispute between the parties. There can be no legitimate claim of surprise or prejudice resulting from our minor amendments to the evidence for claim construction.

Your refusal to stipulate to amending and updating the evidence for claim construction does not further evaluation of the issues on the merits, but rather requires the needless expenditure of time and resources by both parties, with no benefit to you. We will submit the evidence as part of our claim construction and move to amend the Joint Claim Construction and Prehearing Statement to include it. In this way, the Court will have a full and complete record from which to make a reasoned judicial determination.

Sincerely,

Debra L. Dennett

MPK 138038-1.062114.0123