BEHROOZ SHARIATI (State Bar No. 174436)
bshariati@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:      (650) 739-3939
Facsimile:      (650) 739-3900

Attorneys for Plaintiff
*Nordic Naturals, Inc.*

WILLIAM G. GAEDE III (State Bar No. 136184)
wgaede@mwe.com
MCDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:      (650) 813-5000
Facsimile:      (650) 813-5100

Attorneys for Defendants
*J.R. Carlson Laboratories, Inc.*
*and Metagenics, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC. | Case No. C-07-02385 PJH |
| Plaintiff, | |
| v | **AMENDED JOINT RULE 26(f) REPORT** |
| J.R. CARLSON LABORATORIES, INC. and METAGENICS, INC. | **AMENDED JOINT CASE MANAGEMENT STATEMENT** |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Pursuant to the Court's February 25, 2008 Order Setting Case Management Conference,

the parties submit this Joint Rule 26(f) Report and Amended Joint Case Management Statement.

1
2
This case was previously assigned the Honorable Martin J. Jenkins and was assigned to this Court
pursuant to the order dated February 19, 2008.

3
I.    <u>JURISDICTION AND SERVICE</u>

4
5
This Court has subject matter jurisdiction over Plaintiff Nordic Naturals, Inc., ("Nordic
Naturals") patent infringement case against Defendants J.R. Carlson Laboratories, Inc., ("Carlson
6
Labs") and Metagenics, Inc., ("Metagenics") (collectively "Defendants") pursuant to 28 U.S.C.
7
§§1331 and 1338(a) as Nordic Natural's claims arise under the patent laws of the United States of
8
9
America, and specifically under 35 U.S.C. §§ 271(a), 271(b) and 271(c), and under Section 43(a)
of the Lanham Act, 15 U.S.C. §1125.  This Court has subject matter jurisdiction over Defendants'
10
declaratory judgment counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.  No
11
dispute exists regarding personal jurisdiction.

12
13
Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b).  All parties have
been served.

14
II.    <u>DESCRIPTION OF THE CASE</u>

15
16
Nordic Naturals, Inc. ("Nordic Naturals"), J.R. Carlson Laboratories, Inc. ("Carlson"), and
Metagenics, Inc. ("Metagenics") sell fish oil capsules in the United States market.

17
18
Nordic Naturals is the assignee of two patents: U.S. Patent No. 6,346,231 ("'231 Patent")
issued February 12, 2002 and U.S. Patent No. 6,652,879 ("'879 Patent") issued November 25,
19
20
2003.  On May 2, 2007, Nordic Naturals filed this suit against Carlson and Metagenics claiming
infringement of the '231 and '879 Patents, and also asserting a claim of false advertisement under
21
Section 43(a) of the Lanham Act.  Specifically, Nordic Naturals asserts that Carlson falsely
22
represents that its Lightly Lemon fish oil capsules are lemon flavored and that Metagenics falsely
23
represents that its "EPA-DHA Extra Strength Lemon Flavored Concentrated and Stabilized
24
Purity-Certified, Omega-3 Fish Oil Capsules" are lemon flavored.  Nordic Naturals reserves its
25
right to add additional false advertisement claims for additional products based on discovery.

26
The parties stipulated to an extension of time for Defendants to respond to the Complaint.
27
On June 5, 2007 Defendants filed their Answer in which Defendants deny infringement of the
28

patents asserted by Nordic Naturals.  Carlson also denies that it falsely represents that its Lightly Lemon fish oil capsules are lemon flavored.  Metagenics also denies that its EPA-DHA Extra Strength Lemon Flavored Concentrated and Stabilized Purity-Certified, Omega-3 Fish Oil Capsules are lemon flavored.  Defendants further assert affirmative defenses and/or declaratory judgment counterclaims including patent invalidity, non-infringement, estoppel/laches, and equitable estoppel in regard to the '231 and '879 patents.

On June 6, 2007 Nordic Naturals filed its Answer to Defendants Counterclaims for Declaratory Judgment of Non-infringement and Invalidity.

**III.    THE PRINCIPAL FACTUAL ISSUES IN DISPUTE**

The parties dispute the following factual issues:

    a)  Whether Defendants have each infringed or are infringing the Nordic Naturals patents-in-suit;

    b)  Whether the Nordic Naturals patents-in-suit are invalid;

    c)  Whether the Nordic Naturals patents-in-suit are unenforceable;

    d)  Whether Nordic Naturals' infringement claims are barred or limited in whole or in part by equity;

    e)  Whether Nordic Naturals is entitled to damages for Defendants' alleged infringing actions;

    f)  Whether Carlson has falsely advertised that its Lightly Lemon fish oil capsules are lemon flavored in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

    g)  Whether Carlson has falsely advertised that other of its products are flavored in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

    h)  Whether Metagenics has falsely advertised that its EPA-DHA Extra Strength Lemon Flavored Concentrated and Stabilized Purity-Certified, Omega-3 Fish Oil Capsules are lemon flavored in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

i)   Whether Metagenics has falsely advertised that other of its products are flavored in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

j)   Whether Nordic Naturals is entitled to an award of damages for alleged harm caused by Defendants' alleged false, misleading and deceptive advertising;

k)   Whether injunctive relief is proper; and

l)   Whether this case is exceptional under 35 U.S.C. §285.

## IV.   THE PRINCIPAL LEGAL ISSUES IN DISPUTE

The principle legal issues which the parties dispute:

a)   The meaning of various claim terms of the asserted claims of the Nordic Naturals patents-in-suit; and

b)   Whether either party is entitled to attorneys fees and costs pursuant to 35 U.S.C. §285.

## V.   MOTIONS AND HEARINGS

**Pending Motions.**

Claim Construction Briefs.  On February 4, 2008 Plaintiff filed its Opening Claim Construction Brief.  On February 18, 2008 Defendants filed their Opposition.  Plaintiff has not filed its Reply because of the Court's Order staying all briefing.

Nordic Naturals' Motion to Strike.  Plaintiff filed a motion seeking to strike the declaration of Donald R. Steele in support of Defendants' February 18, 2008 claim construction brief.  Due to the Court's order staying briefing on all pending matters, Defendants' have not yet filed a responsive brief.  Plaintiff requests the motion to strike be resolved expeditiously in order to provide clarity to the completion of the claim construction discovery and briefing.  Defendants agree that the motion should be resolved and request a date for filing their opposition. Defendants do not agree that resolution of this motion is necessary before Plaintiff files its Reply on claim construction.

**Markman Hearing.**  Nordic Naturals' claim construction presentation shall go first, followed by Defendants' presentation(s).  If it will be useful to the Court, the parties are willing to

- 4 -

present tutorials concerning the underlying technology in this case and/or to call live witnesses at the claim construction hearing.

**Pre-Trial Motions.**  The parties anticipate filing motions for summary judgment.

## VI.    AMENDMENT OF PLEADINGS

The parties do not contemplate amending the pleadings at this time, nor do the parties contemplate adding any additional parties.

## VII.    EVIDENCE PRESERVATION

All parties have taken appropriate steps to preserve any and all evidence that may be of relevance to the issues in the present action.

## VIII.    DISCLOSURES

The parties exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a) on August 15, 2007.

## IX.    DISCOVERY

All parties have served interrogatory and document requests.  The parties are each working to produce documents in response to those requests.  The parties contemplate beginning a rolling production of documents on Tuesday, March 11, 2008.  Additionally, Nordic Naturals has subpoenaed documents from Donald R. Steele and documents and a 30(b)(6) deposition from Marine Nutriceuticals.  Defendants have requested depositions from Nordic Naturals and have subpoenaed documents and a deposition from Howard E. Lebowitz.  Discovery in the case is on-going.

**Depositions.**  Each side shall have a total of sixty (60) hours for depositions of individual fact witnesses and 30(b)(6) witnesses.  Each side may allocate its deposition time to individual witnesses or 30(b)(6) witnesses in the manner it sees fit.  Whenever possible, Defendants shall jointly take depositions of witnesses in order to minimize the likelihood of duplicative questioning of witnesses.

**Expert Discovery**.  The parties agree that expert disclosures and expert discovery should take place after the close of fact discovery.  Expert depositions do not count against the deposition

limits imposed in this case. Each party shall be limited to one seven hour deposition of each expert per expert report.

**Discovery Requests**. Each side shall be limited to serving 30 interrogatories, and 75 requests for documents and things. There shall be no hard limits on requests for admission, which shall instead be limited to a reasonable amount.

**Key Witnesses**. The key witnesses are disclosed in the initial disclosures.

**Essential Information**. Essential information for Nordic Naturals to prove its claims will be the making of, structure, and composition of the accused products; the nature and content of the statements and advertising of the accused products, and financial information.

Essential information for Defendants to prove their affirmative defenses and counterclaims will be the structure and composition of the accused products, prior art relating to the patents-in-suit, the prosecution histories of the patents-in-suit, the nature and content of the statements and advertising of the accused products, and financial information.

**Protective Order.** The parties have previously stipulated to a Protective Order which was entered by Judge Jenkins. The parties do not anticipate needing to amend the entered protective order to comply with this Court's Standing Order for Cases Involving Sealed or Confidential Documents.

## X.    CLASS ACTIONS

The parties do not anticipate the need for any class certification hearings.

## XI.    RELATED CASES

There are no related cases.

## XII.    RELIEF

Nordic Naturals seeks an order to enjoin Defendants from allegedly infringing the patents-in-suit and from making allegedly false representations related to the flavoring of their products. Nordic Naturals also seeks compensatory damages attributable to Defendants' alleged infringement and false statements in the amount of Nordic Naturals' lost profits and/or based on a reasonable royalty, costs of the suit and attorneys' fees, and prejudgment interest.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants seek a declaration that the patents-in-suit are invalid, and unenforceable, and that Defendants do not infringe the patents-in-suit.

XIII.  **SETTLEMENT AND ADR**

The parties met and conferred on July 20, 2007 regarding an ADR process but did not reach agreement.  Plaintiff Nordic Naturals believes this case is suitable for ADR, and believes ADR will be useful in settling the case or narrowing the issues in an efficient manner. Defendants believe that the case may be suitable for ADR upon discovery and issuance of the Court's Claim Construction Ruling. The parties have filed a Notice of Need for ADR Phone Conference pursuant to Civ. L. R. 16-8(c)(2) on July 31, 2007.  The parties participated in the ADR Phone Conference on August 10, 2007.

On July 16, 2007 Metagenics and Carlson filed and served their ADR Certifications.  On July 31, 2007 Nordic Naturals filed and served its ADR Certification.

XIV.  **CONSENT TO MAGISTRATE JUDGE**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

XV.  **OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

XVI.  **NARROWING OF ISSUES**

Defendants anticipate that they may file an early motion for summary judgment that will narrow or dispose of the case.

XVII.  **EXPEDITED SCHEDULE**

Plaintiff and Defendants agree that this case is not suitable for expedited handling.

XVIII. **SCHEDULING**

The parties seek the Court's guidance as to the scheduling of the remainder of the case in light of the Court's recent assignment to the case and its Order vacating all dates.  The parties request that the schedule be set to reflect the previous schedule as closely as possible, subject to

- 7 -

the Court's schedule and convenience.  Trial was previously scheduled for September 8-15, 2008.
The parties propose that the Court adopt the following schedule framework based on the Court's
guidelines, the Federal Rules of Civil Procedure, Local Rules, and Patent Local Rules.  All
shaded entries in the table below are past dates from the previously entered Case Management
Order.

| Date / Rule | Event |
| --- | --- |
| July 20, 2007 | Discovery Opens |
| July 31, 2007 / FRCP 26(f) & ADR L.R. 3-5; Parties' Stipulation | Last day to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan prior to Case Management Conference |
| July 31, 2007 L.R. 16-8(b) & (c) & ADR L.R. 3-5(b) & (c); Court's Order granting extension. | Last day to file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Telephone Conference |
| July 31, 2007 (may be August 7, 2007 if read to be included in Clerk's Notice resetting the date for the CMC) / FRCP 26(a)(1) & L.R. 16-9; Order Setting Initial CMC | Last day to complete Initial Disclosures or Objection to Rule 26(f) Report, and file Rule 26(f) Report |
| August 7, 2007 / FRCP 26(a)(1) & L.R. 16-9; Clerk's Notice Setting CMC in Reassigned case | Last day to file Joint Case Management Statement |
| August 9, 2007 / L.R. 16-10 | Last day to file and serve request to participate in Case Management Conference via telephone |
| August 14, 2007 / L.R. 16-10; Clerk's Notice Setting CMC in Reassigned case | Initial Case Management Conference – Courtroom B, 15th Floor, San Francisco |
| September 7, 2007 / Patent L.R. 3-1, 302 and per Stipulation of all Parties | Last day for Plaintiff to serve Disclosure of Asserted Claims and Preliminary Infringement Contentions and produce or make available for inspection documents in support thereof |
| October 26, 2007 | Last day to amend Complaints and Answers |
| October 22, 2007 / Patent L.R. 3-3, 3-4 and per Stipulation of all Parties | Last day for Defendants to serve Preliminary Invalidity Contentions and produce or make available for inspection documents in support thereof |
| November 1 , 2007 / Patent L.R. 4-1(a) and per Stipulation of all Parties | Last day for parties to exchange lists of Proposed Terms and Claim Elements for Claim Construction |

| Date / Rule | Event |
|---|---|
| November 21, 2007 / Patent L.R. 4-2(a) and per Stipulation of all Parties | Last day for parties to exchange Preliminary Claim Constructions and provide preliminary identification of extrinsic evidence |
| December 21, 2007 / Patent L.R. 4-3 and per Stipulation of all Parties | Last day for parties to file Joint Claim Construction and Prehearing Statement |
| January 21, 2008 / Patent L.R. 4-4 and per Stipulation of all Parties | Last day to complete all discovery relating to Claim Construction |
| February 4, 2008 / Patent L.R. 4-5(a) and per Stipulation of all Parties | Last day for parties to file and serve Opening Claim Construction briefs |
| February 18, 2008 / Patent L.R. 4-5(b) and per Stipulation of all Parties | Last day for parties to file and serve Responsive Claim Construction briefs |
| __{TBD}____, 2008 / Patent L.R. 4-5(c) and per Stipulation of all Parties | Last day for Plaintiff to file and serve Reply Claim Construction brief |
| _____, 2008 at 9 A.M. | Patent Technology Tutorial |
| _____, 2008 / Patent L.R. 4-6 | Claim Construction Hearing<br><br>The Claim Construction Hearing shall be limited to construing 10 terms total. |
| *30 days after Markman Ruling*<br>Patent L.R. 3-6(a) | Last day for Plaintiff to file and serve Final Infringement Contentions to amend Preliminary Infringement Contentions (if necessary) |
| *50 days after Markman Ruling*<br>Patent L.R. 3-6(b) | Last day for Defendant to file and serve Final Invalidity Contentions to amend Preliminary Invalidity Contentions (if necessary) |
| *50 days after Markman Ruling*<br>Patent L.R. 3-8 | Last day for Defendant to produce documents relating to willfulness |
| *60 (80) days after Markman Ruling* | Last day to exchange Expert Reports on issue on which the party bears the burden of proof (Disclosure of Expert Testimony) – Fact Discovery Closes |
| *7 days after exchange of Expert Reports* / L.R. 26-2 | Last day to file motions to compel fact discovery. |
| *14 days after exchange of Expert Reports* / FRCP 26(a)(2)(B) | Last day to exchange Rebuttal Expert Reports |
| *30 days after exchange of Rebuttal Expert Reports* | Close of Discovery, including depositions of experts |
| *7 days post discovery cut-off* / L.R. 26-2 | Last day to file motions to compel expert discovery |
| *14 days post discovery cutoff* | Last day to file dispositive motions |

| Date / Rule | Event |
|---|---|
| *21 days prior to hearing* / L.R. 7-3 | Last day to file oppositions to dispositive motions |
| *14 days prior to hearing* / L.R. 7-3 | Last day to file replies in support of dispositive motions |
| _____ / 60 days prior to trial | Last day for hearing of dispositive motions |
| L.R. 16-9(a) | Last day to meet and confer re preparation and content of joint pretrial conference statement and exchange (but not file or lodge) pretrial materials |
| _____ / 37 days prior to trial | Last day to file motions *in limine* |
| _____ / 30 days prior to trial / FRCP 26(a)(3) | Last day to file joint pretrial conference statement and pretrial disclosures (e.g. identify witnesses, designated testimony, exhibits) |
| *14 days after filing pretrial disclosures* / FRCP 26(a)(3) | Last day to file and serve objections to designated testimony, objections re admissibility |
| *14 days after motions* in limine *filed* | Last day to file oppositions to motions *in limine* |
| _____ / 30 days prior to trial | Last day to file Trial Briefs |
| _____ / 30 days prior to trial | Last day for parties to file/serve Joint Proposed Voir Dire, Joint Proposed Jury Instructions, Proposed Verdict Forms, Joint Proposed Findings of Fact/Separate Disputed Findings of Fact and Conclusions of Law |
| _____ / 30 days prior to trial | Pretrial Conference - Courtroom B, 15th Floor, SF |
| _____ 20 days prior to trial / FRCP 45 | Last day to serve all subpoenas for attendance at trial |
| August 26, 2008 | Final Pretrial Conference |
| _____ (previously scheduled for September 8 – 15, 2008) | TRIAL |

### XIX.  TRIAL

The Court has indicated that it will hold a further Case Management Conference after the Markman Ruling.   The parties propose the Court set the remainder of the schedule at that time. The trial was previously scheduled to last one (1) week, starting on September 8 and proceeding through September 15, 2008.  The parties request that the schedule be set to reflect the previous schedule as closely as possible, subject to the Court's schedule and convenience.

All parties have requested that this case be tried to a jury.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**XX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

   **Nordic Naturals**.  Pursuant to Civil L.R. 3-16, Nordic Naturals has filed its "Certification of Interested Entities or Persons" on May 3, 2007 and restates that aside from the named parties, there is no such interest to report.

   **Metagenics.**  Pursuant to Civil L.R. 3-16, Metagenics has filed its "Certification of Interested Entities or Persons."  Metagenics states that aside from the named parties, the following entities or persons have an interest that could be substantially affected by the outcome of the proceeding:

   Marine Nutriceuticals, Inc.

   **Carlson Labs.**

   Pursuant to Civil L.R. 3-16, Carlson Labs has filed its "Certification of Interested Entities or Persons."  Carlson Labs states that aside from the named parties, the following entities or persons have an interest that could be substantially affected by the outcome of the proceeding:

   Marine Nutriceuticals, Inc.

**XXI.    SERVICE LIST**

| ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT<br><br>Nordic Naturals, Inc. | **Behrooz Shariati** (State Bar No. 174436)<br>bshariati@jonesday.com<br>JONES DAY<br>1755 Embarcadero Rd.<br>Palo Alto, CA 94303<br>Telephone: (650)739-3939<br>Facsimile: (650)739-3900 |
|---|---|
| ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS<br><br>J.R. Carlson Laboratories, Inc. and Metagenics, Inc. | **William G. Gaede III** (State Bar No. 136184)<br>wgaede@mwe.com<br>MCDERMOTT WILL & EMERY LLP<br>3150 Porter Drive<br>Palo Alto, CA  94304-1212<br>Telephone: (650) 813-5000<br>Facsimile: (650) 813-5100 |

Dated: March 6, 2008.

1

2

Respectfully submitted,

Respectfully submitted,

3

By: _/s/ William G. Gaede_____          By: __/s/ Behrooz Shariati_____

4

        William G. Gaede III                              Behrooz Shariati

5

Counsel for Defendants/Counter-Plaintiffs      Counsel for Plaintiff/Counter-Defendant
J.R. Carlson Laboratories, Inc.,                Nordic Naturals, Inc.

6

Metagenics, Inc.

7

SVI-55539v4

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JT RULE 26(F) RPT
AMENDED JT CASE MGMT STMT
CASE NO. C-07-02385 PJH