# Exhibit A
# to Baker Declaration In Support of Defendants' Opposition to Plaintiff's Motion to Strike Steele Declaration

MCDERMOTT WILL & EMERY LLP
William G. Gaede III (136184)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Attorneys for *J.R. Carlson Laboratories, Inc. and Metagenics, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC.<br><br>　　　　　Plaintiff,<br><br>v<br><br>J.R. CARLSON LABORATORIES, INC.<br>and METAGENICS, INC.<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-2385 MJJ<br><br>**DECLARATION OF<br>DONALD R. STEELE<br>IN SUPPORT OF DEFENDANTS'<br>CLAIM CONSTRUCTION BRIEF<br>AND OPPOSITION TO PLAINTIFF'S<br>CLAIM CONSTRUCTION BRIEF** |

I, Donald R. Steele, declare as follows:

1. I am over the age of eighteen and am Vice President, Softgels at Best Formulations in City of Industry, California.

2. I make this declaration of my own personal knowledge and based on my review of U.S. Patent Nos. 6,346,231 and 6,652,879 and Plaintiff Nordic Naturals, Inc.'s Opening Claim Construction Brief. If called as a witness, I could and would competently testify as to each stated fact.

3. I received a B.S. in Chemistry from Appalachian State University in 1969.

4. I have approximately twenty years of experience in the research and development, formulation, and manufacturing of soft gelatin capsules. During that time I have worked at Banner Pharmacaps Inc. (formerly Banner Gelatin, Inc.), Softgel Technologies, Inc., Capteck, Inc., Robinson Pharma, Inc., and Best Formulations.

5. The claims of the '231 Patent require that the water in the capsule "is present in said gelatin capsule in a concentration" as specified in the claims. The claims of the '879 Patent require that the water in the capsule "is present in said flavored gelatin capsule in a concentration" as specified in the claims.

6. The claims of the '231 Patent require that the water soluble flavoring in the capsule "is present in a concentration" as specified in the claims. The claims of the '879 Patent require that the water soluble flavoring in the capsule "is present in said flavored gelatin capsule in a concentration" as specified in the claims.

7. Based on the language of the claims as stated, I understand the claims to require the specified concentration of water and the specified concentration of water soluble flavoring to be present throughout the gelatin capsule shell in the concentrations specified.

8. I strongly disagree with Plaintiff's contention that water and/or water soluble flavoring may be present in the capsule shell as "layers or sections of materials," provided that the proportions and percentages in the claims are met. Such an interpretation is inconsistent with the requirements and nature of soft gelatin capsules.

9. A coating that is applied to the exterior of a capsule after it is formed and filled is not "present in" the capsule shell, it is on the surface of the capsule shell.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of February, 2008 at City of Industry, California.

_____
Donald R. Steele