# Exhibit D
# to Baker Declaration In Support of Defendants' Opposition to Plaintiff's Motion to Strike Steele Declaration

## In the United States Patent and Trademark Office

| | |
|---|---|
| Application No.: | 10/646,898 |
| Applicant: | Joar Opheim |
| Filed: | 08/22/2003 |
| TC/AU: | 1615 |
| Examiner: | Isis Ghali |
| Docket No. | 03-109 |
| Customer No. | 23843 |

### Amendment

Honorable Commissioner for Patents

Sir:

In response to your Office Action dated July 31, 2007, an extension of time is requested and the instant amendment is submitted. Please amend the above identified application as follows:

Amendments to the claims begin on page 2.

Amendments to the specification begins on page 4.

Remarks begin on page 5.

Amendments to the Claims

Claims Listing

This claims listing replaces all prior claims listings of the case.

Claim 1 (previously presented): A flavored capsule suitable for encapsulating a dose of fish oil, comprising: a) a forming agent chosen from the group consisting of gelatin and vegetable starch; b) a capsule softener; c) water; and d) a water soluble flavoring, wherein said capsule softener is present in the range of about 10% to about 35%, the water is present in the range of about 6% to about 10% ,and the water soluble flavoring is present in the range between about 0.1% and about 1.5% .

Claim 2 (previously presented): The flavored capsule of claim 1, wherein the capsule softener comprises a polyol.

Claim 3 (previously presented): The flavored capsule of claim 1, wherein the water soluble flavoring is present in the range between about 0.2% and about 1.5%.

Claim 4 (previously presented): The flavored capsule of claim 3, wherein the capsule softener comprises a polyol.

Claim 5 (previously presented): The flavored capsule of claim 2 wherein the polyol comprises sorbitol or glycerol.

Claim 6 previously presented): The flavored capsule of claim 1, further comprising a dose of fish oil encapsulated therein.

Claim 7(previously presented): The flavored capsule of claim 3, further comprising a dose of fish oil encapsulated therein.

Claim 8 (original): The flavored capsule of claim 6, further comprising an oil soluble flavoring in the fish oil dose.

Claim 9 (original): The flavored capsule of claim 7, further comprising an oil soluble flavoring in the fish oil dose.

Claims 10-13 (cancelled).

Claim 14 (previously presented): The flavored capsule of claim 1, wherein the water soluble flavoring is chosen from the group consisting of berry, strawberry, chocolate, cocoa, vanilla, lemon, nut, almond, cashew, macadamia nut, coconut, blueberry, blackberry, raspberry, peach, lemon, lime, mint, orange, banana, chili pepper, pepper, cinnamon, and pineapple.

Claim 15 (previously presented): The flavored capsule of claim 3, wherein the water soluble flavoring is chosen from the group consisting of berry, strawberry, chocolate, cocoa, vanilla, lemon, nut, almond, cashew, macadamia nut, coconut, blueberry, blackberry, raspberry, peach, lemon, lime, mint, orange, banana, chili pepper, pepper, cinnamon, and pineapple.

Claim 16 (new) The flavored capsule of claim 1, wherein the water soluble flavoring is present in the range between about 0.25% and about 1.4%.

2. On page 5, lines 23-25, <u>the</u> preferred embodiment at the time of filing is disclosed as being made from a gelswatch of 35% water and "0.5% <u>or more</u> of strawberry flavor Firmenich #52311A" (misquoted in the OA). This corresponds to <u>0.7% or more</u> of flavoring in a dried capsule having 8% water. The prior paragraph (lines 16-21 on page 5) makes it clear that Firmenich #52311A flavoring is just a preferred example and that other suitable gelatin capsule flavorings known in the art can be used in its place. (A list of suitable flavors known in the art is enumerated on page 3, lines 20-23).
3. In the paragraph bridging page 6 and page 7, "flavoring agent of about 0.25% to about 0.5% when Omega 3 is present at 80%" is disclosed.
4. On page 6, line 21, a level "in excess of about 1% of Firmenich #52311A" is recommended.
5. This application is a continuation of 10/292,999, which is a continuation of 10/041,877, which was a continuation of 09/416,017 now U.S. Patent 6,346,231. The entire contents of the grandparent, 09/416,017 are incorporated by reference in the child, 10/041,877, which is incorporated by reference in the grandchild, 10/292,999, which is incorporated by reference in the instant application. The original claims in the grandparent are therefore part of the disclosure and are incorporated by reference in this application. Original claim 2 of the grandparent reads as follows:

"A flavored gelatin capsule, said capsule encapsulating a dose, said gelatin capsule comprising:

(a) about 10 to about 70 parts by weight of gelatin;

(b) about 10 to about 35 parts by weight of a polyol;

(c) about 8 parts by weight of water

(d) up to about 0.5 parts by weight of a water soluble flavoring, whereby said flavoring of said capsule improves the palatability of said capsule and the dose, and ingestion of the dose is encouraged.".

Element (d) of original claim 2 of the grandparent has been amended by reference into the specification of the instant application.

7

Analysis

The applicant argues that in this case, a person of ordinary skill in the art would be a person capable of understanding the recipes in the patent application, formulating a gelswatch to make flavored gel caps, and processing the gelswatch through an encapsulating machine, and drying the capsules.

It is not necessary that the application describe the claim limitations exactly…but only so clearly that persons of ordinary skill in the art will recognize from the disclosure that appellants invented processes including these limitations. In re Wertheim, 541 F.2d 257, 262, 191 USPQ 90, 96 (CCPA 1976)

Applicant argues that this person of ordinary skill in the art would recognize that the application discloses a number of sub-ranges that can be joined together to yield the claimed ranges of water soluble flavoring. The sub-ranges include (all corrected to 8% water content).:

a) About 1% to about 1.4% of soluble flavoring
b) 0.7% or more of soluble flavoring
c) About 0.25% to about 0.5% of soluble flavoring
d) In excess of about 1 % flavoring
e) Up to 0.5% of soluble flavoring

The applicant submits that the person of ordinary skill in the art would recognize the ranges of about 0.1% to about 1.5% (claim 1), 0.2% to about 1.5% (claim 3) and about 0.25% to about 1.4% (new claim 16). The applicant respectfully requests reconsideration and removal of the rejections under the first paragraph of 35 USC § 112.

**Rejections under 35 USC § 103**

Claims 1-9, 14, and 15 stand rejected under 35 U.S.C 103 (a) as being allegedly unpatentable over Lachman et al. in combination with US 5,955,102 ('102) and US 5,718,323 ('323). Lachman teaches 0.1% of ethyl vanillin and essential oils not to exceed 2%. '102 teaches that fish oil is preferably provided in a gelatin capsule. The OA

8

concludes that the combination of Lachman and '102 does not teach water soluble flavors.

'323 teaches a soft gelatin capsule comprising flavoring agent selected from essential oils and fruit flavour or combinations thereof (col. 5, lines 43-49).. All of the examples of essential oils and flavours were present in quantities between 4.8% and 6%. The OA concludes that "fruit flavors are expected to be water-soluble since compounds and their properties are inseparable" and relies on this conclusion for the showing that all of the elements of the claim were known in the prior art.. Applicant respectfully traverses this conclusion. Applicant submits the following excerpt from the Nature's Flavors on-line catalogue (www.naturesflavors.com) as evidence that fruit flavors may be oil soluble.

"**Nature's flavors pure fruit oils** are made with the finest and most pure oils. These oils are the strongest flavor oils we offer, many of them are over 60,000 times stronger than the fruits that they came from. To illustrate imagine the flavor of one strawberry and then imagine this pure flavor oil which may be 60,000 times more flavorful than the single strawberry. How is that possible? If you were to break down that strawberry to the basic building blocks and discard the water, sugar, natural pectin, acids, and fiber or pulp, only the flavor would remain. Reconstituted, only the natural pure oils would remain.

Now for some of the oils it is not possible for us to extract every component of the strawberry from the strawberry so we can often times gather the ingredients from other sources where it is much more plentiful. The notation WONF means with other natural flavors. These flavors are naturally extracted and added back into the strawberry flavor.

These flavors are so strong that they should not be used by beginners. However, for those of us with more experience working with flavors, these pure oils save time and money while giving incredible flavor to our recipes.

These pure flavor oils are oil soluble and can only be used in oil based formulations and in making extracts. To make these flavors water based, homogenize in gum Arabic solution at a ratio of one part oil to six parts gum Arabic solution. Gum Arabic solution can be found at **Nature's Flavors** or at other locations."

"All words in a claim must be considered in judging the patentability of that claim against the prior art", In re Wilson, 424 F.2d 1382, 1385 (CCPA 1970) and MPEP 2143.03. Claims 1d, 3, and 16 require the presence of a water-soluble flavoring in the range of about 0.1 to about 1.5, about 0.2 to about 1.5, and about 0.25 to about 1.4%

9