# Exhibit E
# to Baker Declaration In Support of Defendants' Opposition to Plaintiff's Motion to Strike Steele Declaration

**In the United States Patent and Trademark Office**

| | |
|---|---|
| Application No.: | 10/646,898 |
| Applicant: | Joar Opheim |
| Filed: | 08/22/2003 |
| TC/AU: | 1615 |
| Examiner: | Isis Ghali |
| Docket No. | 03-109 |
| Customer No. | 23843 |

**Amendment**

Honorable Commissioner for Patents

Sir:

In response to your Office Action dated December 12, 2006, an RCE and extension of time are requested. Please amend the above identified application as follows:

Amendments to the claims begin on page 2.

Remarks begin on page 4.

Exhibit 1 begins on page 9.

Applicant also submitted a **Declaration Showing Commercial Success** on 9/25/2006. In that declaration he indicated that Flavored Gel Caps made by Nordic Naturals, Inc. all in accordance with the **claimed** invention, and having approximately 1% flavoring in gelatin shells, had captured approximately 43% of the United States market for fish oil capsules sold in Health Food Stores in July 2006, certainly evidence of commercial success by any standard. The OA states, "Regarding commercial success, it does not overcome the obviousness rejection. The claims encompass the flavored gelatin capsules disclosed by Lachman, because the claims encompass the flavoring agent disclosed by Lachman." Applicant respectfully traverses the examiner's statement that "the claims encompass the flavoring agent disclosed by Lachman". The claims, as amended, encompass "<u>water soluble</u> flavoring present in the range between about 0.1% (or alternatively 0.2% for claim 3) and about 1.5%". Lachman discloses "flavorings such as ethyl vanillin (0.1%) and essential oils (not exceeding 2%) to impart desirable odors to capsules and for taste purposes for chewable capsules. Ethyl vanillin is a synthetic chemical which is 3.5 times stronger than natural vanilla but has a somewhat different flavor. It is a yellowish white solid, which is INSOLUBLE in water. Natural vanilla is a complex mix of many compounds, such as vanillin and related esters. "Essential oils" is not really enabled by Lachman's disclosure; however it is assumed that like other oils they are likewise INSOLUBLE in water. Wikipedia defines essential oils as "any concentrated, **hydrophobic** liquid containing volatile aroma compounds from plants". It states that they are also known as **volatile** or **ethereal** oils, or simply as the "oil of" the plant material from which they were extracted, such as *oil of clove*. The term **essential** indicates that the oil carries distinctive scent (essence) of the plant. The claims all call for **water soluble**

**flavorings** and thus are mutually exclusive of Lachman's water insoluble flavorings. The water solubility is important for obtaining an even distribution of the flavoring in the gelswatch from which the capsules are made, whose major ingredient is water. Also, the new claims 14 and 15 identify the flavorings which are referred to in Claim 1 and Claim 3, and they are not encompassed by Lachman at all.

**Rejections under 35 USC § 103**

Claims 1-9 were rejected as being unpatentable over Lachman in view of US Patent 5,955,102 ('102). Claim limitation '1d' claims a water soluble flavoring. present in the range between about 0.1% and about 1.5% and water present in the range of about 6% to about 10%. Neither Lachman nor '102 disclose either of these limitations. The water requirement is within the range often used in formulating gelatin capsules, though a wide range of compositions can be used, and it would not have been obvious to one of ordinary skill in the art at the time of the invention that this composition was required for flavored fish oil capsules. It would also not have been obvious to one of ordinary skill in the art to use water soluble flavorings given Lachman's disclosure of insoluble flavorings.

To establish *prima facie* obviousness of a claimed invention, all the claim limitations must be taught or suggested by the prior art. *In re Royka*, 490 F.2d 981, 180 USPQ 580 (CCPA 1974). "All words in a claim must be considered in judging the patentability of that claim against the prior art." *In re Wilson*, 424 F.2d 1382, 1385, 165 USPQ 494, 496 (CCPA 1970). Claim 1d has claim limitations of **water soluble** flavoring present in the range between about 0.1% and about 1.5% and water in the range of 6% to 10%. These claim limitations are not found in the prior art either alone or in combination. Similarly,

Claim 3 calls for water soluble flavoring in the range between about 0.2% and 1.5, which are also not found in the prior art.

Applicant respectfully requests allowance of Claims 1-9 and 14-15, and timely issuance of a Notice of Allowance.

Applicant further respectfully asserts that under Graham vs. John Deere Co. a comparison of the subject matter sought to be patented and the prior art reveals that the patent as a whole would not have been obvious at the time the invention was made to a person having ordinary skill in the art. There is not a single enabling disclosure in all the time that modern gelatin capsules have been in use since invented by R.P Scherer in 1933 of gelatin capsules flavored with water soluble flavoring prior to the invention date.

It is also respectfully submitted that the objective or secondary considerations are both relevant and probative under Graham v. John Deere, proving unexpected results, commercial success and long felt need.

For all of these reasons Applicant respectfully requests allowance of all outstanding claims and timely issuance of a Notice of Allowance.

Respectfully Submitted,

/Howard E. Lebowitz/

Foothill Law Group, LLP
Howard E. Lebowitz
Registration Number 44,864
Attorney of Record
19682 Hesperian Blvd., Suite 208
Hayward, CA 94541
510-785-8070