1  MCDERMOTT WILL & EMERY LLP
   William G. Gaede III (136184)
2  3150 Porter Drive
   Palo Alto, CA 94304-1212
3  Telephone:    (650) 813-5000
   Facsimile:    (650) 813-5100
4
   Attorneys for *J.R. Carlson Laboratories, Inc.*
5  *and Metagenics, Inc.*

6  JONES DAY
   Behrooz Shariati (State Bar No. 174436)
7  1755 Embarcadero Road
   Palo Alto, CA 94303
8  Telephone:    (650) 739-3939
   Facsimile:    (650) 739-3900
9

10 Attorneys for *Nordic Naturals, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC. | Case No. C-07-02385 PJH |
| Plaintiff, | |
| v | **JOINT STATEMENT REGARDING PRE-TRIAL DEADLINES** |
| J.R. CARLSON LABORATORIES, INC. and METAGENICS, INC. | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

The parties disagree on the pre-trial scheduling. Each side's position is given below.

MPK 139869-1.062114.0123    - 1 -    **JOINT STATEMENT re PRE-TRIAL DEADLINES**
**CASE NO. C-07-02385 PJH**

## I. DEFENDANTS' POSITION REGARDING SCHEDULING

The Markman hearing in this case was originally scheduled for March 12, 2008, with trial set for September 8, 2008 – a schedule that Plaintiff accepted without complaint. The Court shifted the Markman hearing to April 30, seven weeks later than originally scheduled, with a revised trial date of December 8, 2008, three months later than that previously set. Defendants believe that the pre-trial schedule they propose below permits adequate time for the parties to complete all pre-trial matters.

Dates in **bold** font were set by Court at the March 13, 2008, Case Management Conference. Other dates are proposed by Defendants.

| PRE-TRIAL DISCOVERY DEADLINES | |
|---|---|
| **Date** | **Event** |
| **April 11, 2008** | **Technology Tutorial** |
| **April 16, 2008** | **Plaintiff's Reply Brief in Support Of Claim Construction Due** |
| **April 30, 2008** | **Claim Construction Hearing** |
| May 30, 2008 | Last day to exchange Expert Reports on issue on which the party bears the burden of proof (Disclosure of Expert Testimony) – Fact Discovery Closes |
| June 6, 2008 | Last day to file motions to compel fact discovery |
| June 13, 2008 | Last Day to exchange Rebuttal Expert Reports |
| June 30, 2008 | Close of Discovery, including Expert Discovery |
| July 9, 2008 | Last day to file Summary Judgment Motions |
| July 23, 2008 | Last day to file Opposition Briefs to Summary Judgment Motions |
| July 30, 2008 | Last day to file Reply Briefs in Support of Summary Judgment Motions |
| **August 13, 2008 (120 Days before trial)** | **Hearing on Summary Judgment Motions** |

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

| PRE-TRIAL DISCOVERY DEADLINES ||
|---|---|
| Date | Event |
| November 13, 2008 | Pretrial Conference |
| December 8, 2008 | Jury Trial |

## II. PLAINTIFF'S POSITION REGARDING SCHEDULING

At the case management conference, Plaintiff expressed a belief that the December 8, 2008, trial date would be workable. However, after trying to fit the trial date into the Court's scheduling framework, the Plaintiff now believes the parties will not be able to effectively complete discovery and prepare their expert reports and complete all the other required tasks for trial under such an abbreviated schedule. Specifically, after factoring in the Court's scheduled Markman Hearing and 120 day pre-trial period, the parties will be left with a mere 70 days to complete all discovery, disclose expert witnesses, and prepare opening briefs on dispositive motions, and depending on the timing of the Court's order on claim construction, conduct a meaningful mediation. The Defendants' proposed schedule, allows only 30 days after the Markman hearing to complete discovery and to disclose expert witnesses despite the fact that the Court indicated that we should factor in 45-60 days for a Markman order after the hearing. Facing such an attenuated schedule, the parties will have very little time to resolve even routine discovery disputes on their own and would be obliged to quickly resort to motion practice, using up limited Court resources and possibly leading to discovery abuse. Rather than try to make an unrealistic schedule work and fail, Plaintiff respectfully requests that a more realistic trial date be set to allow the parties to prepare their respective cases in an orderly and efficient manner. The Plaintiff respectfully suggests that the parties discuss an alternate trial date at the Markman tutorial, currently set for April 11, 2009, or at another time at the Court's convenience.

1  Dated: March 20, 2008

2  Respectfully submitted,                           Respectfully submitted,

3

4  By:  /s/ William G. Gaede, III                    By:  /s/ Behrooz Shariati
5         William G. Gaede III                              Behrooz Shariati

6  Attorneys for *J.R. Carlson Laboratories, Inc.*   Attorneys for *Nordic Naturals, Inc.*
   *and Metagenics, Inc.*