Behrooz Shariati (State Bar No. 174436)
bshariati@jonesday.com
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     650-739-3939
Facsimile:      650-739-3900

Attorneys for Plaintiff
NORDIC NATURALS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>J.R. CARLSON LABORATORIES, INC. and METAGENICS, INC.,<br><br>Defendants. | Case No. C-07-02385 PJH<br><br>**PLAINTIFF NORDIC NATURALS, INC.'S  REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' DECLARATION OF DONALD R. STEELE**<br><br>**Judge:  The Honorable Phyllis J. Hamilton** |

Movant Nordic Naturals, Inc. briefly responds to Defendants' Opposition as follows.

**I.     INTRODUCTION**

Defendants J.R. Carlson Laboratories, Inc.'s and Metagenics, Inc.'s arguments and strained reasoning for surprising Plaintiff Nordic Naturals, Inc. with Mr. Steele's declaration after the time provided by the Patent Local Rules for any such disclosure are unpersuasive and do not excuse Defendants' actions.

**II.    ARGUMENT**

**A.     <u>Plaintiff Did Not Have Notice of Mr. Steele as a Claim Construction Witness</u>**

Defendants' initial disclosures merely disclosed Mr. Steele as "having knowledge of soft gel manufacture" alongside other names of individuals who appear to be involved in actually

manufacturing Carlson's products. The disclosure gave no indication of Defendants' intention regarding the use of Mr. Steele's testimony for claim construction. Likewise, Mr. Steele's October 2007 narrative was produced within a collection of documents from Carlson's then-manufacturer Scherer Corp., and was not identified as claim construction evidence by Defendants.

Given the number of individuals disclosed by Defendants, it would be impractical, to say the least, for Plaintiff to examine every single witness on Defendants' initial disclosures prior to claim construction on the possibility that one of them may be a claim construction witness. This would have been particularly challenging since Defendants did not produce the bulk of their responsive technical and manufacturing documents until March 2008, after the claim construction process was initially scheduled to be concluded.

### B. The Patent Local Rules Required the Disclosure of Mr. Steele

Patent Local Rule 4-2 requires the parties to "provide a preliminary identification of extrinsic evidence . . . they *contend* support their respective claim constructions." (Emphasis added). By their own admission, Defendants were aware of Mr. Steele and his opinions as early as August 2007, yet chose not to disclose them under Patent Local Rule 4-2.

Patent Local Rule 4-3 similarly requires the parties to identify any extrinsic evidence "known to the party on which it intends to rely either to support its proposed constructions of the claim or to *oppose any other party's proposed construction of the claim* . . . ." (emphasis added). Defendants chose not to disclose Mr. Steele or his opinions under Patent Local Rule 4-3.[1] The Patent Local Rules could not be clearer. They require clear and specific disclosure, not hidden and buried documents, and Defendants should not be permitted to rely on evidence submitted in violation of these rules.

### C. Defendants' Rationale for Delayed Disclosure is Unsustainable

Defendants claim that the Steele declaration is needed to address Nordic's lack of support for its discussion of one of ordinary skill in the art rings hollow for a number of reasons:

---

[1] During the process of drafting the Joint Statement, and afterwards, several discussions were held between parties in which Defendants repeatedly assured Plaintiff that they were not going to rely on expert testimony.

- First, Defendants did not see a need to include Mr. Steele's declaration as part of their original arguments as laid out in their mistakenly-filed opening brief. Defendants' arguments nevertheless relied on the understanding of one of ordinary skill in the art.

- Second, if Defendants truly believed that Mr. Steele's testimony would be helpful on this issue, they could have easily included his declaration in their Patent Local Rules 4-2 and 4-3 disclosures, which they did not.

- Third, Mr. Steele's Declaration does not provide any evidence about the understanding of a person of ordinary skill in the art at the time the patent application was filed—instead, each statement is of his own *present* understanding.

- Fourth, Defendants' excuse that Mr. Steele's testimony was necessitated by a change of construction by the Plaintiff is without merit, and highlights Defendants' continuing inability to distinguish an example from the essential. Specifically, on page 12 of Plaintiff's Opening Brief, Plaintiff remarks

    > With respect to the asserted claims, all that is required is that the proper materials are present in the proper proportions; there is no requirement that they be uniformly mixed or present throughout the capsule. The capsule may indeed be uniformly formed, but may just as easily by comprised of layers or sections of materials, provided that the proportions and percentages in the claims are met.

    Plaintiff has provided the "layers" commentary as an example, not as a modification to its proposed construction. Plaintiff's construction has been maintained since its Joint Claim Construction Submission.

- Finally, Steele's declaration provides only a summary statement of his personal opinion on this alleged issue. Defendants appear to conflate the meaning of "explain" with "state" in that Steele does nothing more than make isolated unsupported statements, which Defendants claim are explanations.

### D. **Plaintiff is Harmed by Defendants' Tactics**

As a result of Defendants' last-minute submission of the Steele Declaration, Plaintiff has been prejudiced. Plaintiff has had to divert resources from preparing for the claim construction hearing to prepare its own expert declaration to address the deficiencies in the Steele declaration and, possibly, to provide an opposing declaration from its own expert.

Defendants attempt to rely on the unusual circumstances of this case, which extended the claim construction briefing schedule, to argue that Plaintiff has had plenty of time to take discovery with respect to Steele's opinions. This argument also fails for a number of reasons. First, Defendants violated the Local Rules when it filed its opposition brief along with the Steele declaration. Defendants cannot now rely on an unforeseen event, the change of schedule, to justify the initial violation. Second, Plaintiff has indeed subpoenaed Mr. Steele's documents and has requested a deposition. However, even with the delay in the schedule, no documents have been produced and no deposition is currently scheduled.

The Northern District and its Patent Local Rules, through its requirement of early disclosure of witnesses and the subsequent expiration of the claim construction discovery period, contemplate an orderly and structured approach to claim construction. Revealing surprise witnesses and evidence at the last minute, as has been done here, violate the letter and spirit of the local rules and should not be countenanced.

### III. **CONCLUSION**

Defendants' violation of Patent Local Rules 4-2 and 4-3, especially given their previous knowledge and apparent intent regarding Mr. Steele, should not be legitimized by allowing the Steele Declaration to stand. These types of last-minute surprise tactics are the exact opposite of

what the Patent Local Rules require.[2] At the very least, the Patent Local Rules have the same import as a order from the Court,[3] and Plaintiff requests the Court exercise its discretion under Federal Rule of Civil Procedure 37(b)(2) to exclude this evidence.

Dated: March 27, 2008

Respectfully submitted,

JONES DAY

By: /s/ Behrooz Shariati
    Behrooz Shariati

Counsel for Plaintiff, Nordic Naturals, Inc.

---

[2] *See, e.g., Yodlee, Inc. v. Cashedge, Inc.*, No. C 05-01550 SI, 2007 U.S. Dist. LEXIS 58872, at *4-5 (N.D. Cal. Aug. 6, 2007) (noting in a discussion of Patent Local Rule 3 that
> "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Electronics Inc. v. Q-Lity Computer Inc.,* 211 F.R.D. 360, 367 (N.D. Cal. 2002) (quoting case). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *02 Micro,* 467 F.3d at 1366 n. 12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.,* 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

[3] *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).