MCDERMOTT WILL & EMERY LLP
William G. Gaede III (136184)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

Attorneys for *J. R. Carlson Laboratories, Inc.*
*and Metagenics, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC. | Case No. C-07-02385 PJH |
| Plaintiff, | **DECLARATION OF BRIAN L. BAKER IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF PARTS OF U.S. PATENT 6,346,231 FILE HISTORY** |
| v | |
| J. R. CARLSON LABORATORIES, INC. and METAGENICS, INC. | |
| Defendants. | Honorable Phyllis J. Hamilton |
| AND RELATED COUNTERCLAIMS | |

I, Brian L. Baker, declare as follows:

1.    I am an attorney with McDermott Will & Emery LLP, counsel for Defendants, J. R. Carlson Laboratories, Inc. and Metagenics, Inc., in the above-captioned matter.

2.    I am submitting this declaration in Support of Defendants' Request for Judicial Notice of Parts of U.S. Patent 6,346,231 File History.

3.    I have knowledge of the following, and if called as a witness, could and would testify competently to the contents herein.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

4.      Attached as Exhibit A is a true and correct copy of the November 27, 2000 Office Action of the Prosecution History for Application 09/416,017, issued as U.S. Patent No. 6,346,231, as produced by Nordic, Bates numbered NOR 0000105-112.

5.      Attached as Exhibit B is a true and correct copy of Amendment C of the Prosecution History for Application 09/416,017, issued as U.S. Patent No. 6,346,231, as produced by Nordic, Bates numbered NOR 0000119-125.

6.      Attached as Exhibit C is a true and correct copy the May 18, 2001 Office Action of the Prosecution History for Application 09/416,017, issued as U.S. Patent No. 6,346,231, as produced by Nordic, Bates numbered NOR 0000126-130.

7.      Attached as Exhibit D is a true and correct copy of Amendment D of the Prosecution History for Application 09/416,017, issued as U.S. Patent No. 6,346,231, as produced by Nordic, Bates numbered NOR 0000131.

8.      Attached as Exhibit E is a true and correct copy of the Notice of Allowability of the Prosecution History for Application 09/416,017, issued as U.S. Patent No. 6,346,231, as produced by Nordic, Bates numbered NOR 0000136-37.

I declare, under penalty of perjury, under the laws of the United States, that the foregoing is true and correct and that this Declaration was completed at Palo Alto, California this 25th day of April 2008.


_____/ s / Brian L. Baker_____
Brian L. Baker

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

BAKER DECL. IN SUPPORT OF DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
CASE NO. C-07-02385 PJH

# EXHIBIT A

| *Office Action Summary* | Application No. 09/416,017 | Appln. ) Opheim |
|---|---|---|
| | Examiner Isis Ghali | Group Art Unit 1615 |

☒ Responsive to communication(s) filed on  Oct 17, 2000

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters,    prosecution as to the merits is closed
in accordance with the practice under  *Ex parte Quayle*, 1935 C D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____3_____ month(s), or thirty days, whichever is
longer, from the mailing date of this communication. Failure to respond within the period for response will cause the
application to become abandoned  (35 U.S.C § 133).  Extensions of time may be obtained under the provisions of
37 CFR 1.136(a).

**Disposition of Claim**

☒ Claim(s)  25-47 _____ is/are pending in the applicat

Of the above, claim(s) _____ is/are withdrawn from consideration

☐ Claim(s) _____ is/are allowed.

☒ Claim(s)  25-47 _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All  ☐ Some*  ☒ None  of the CERTIFIED copies of the priority documents have been

       ☐ received.

       ☐ received in Application No. (Series Code/Serial Number) _____

       ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s).     10

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

— SEE OFFICE ACTION ON THE FOLLOWING PAGES —

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                Office Action Summary                Part of Paper No.    11

NOR 0000105

Application/Control Number: 09416017                          Page 2

Art Unit: 1615

## DETAILED ACTION

The receipt is acknowledged of applicant's preliminary amendment B, filed 10/17/2000;

and I.D.S., filed 11/21/2000.

Claims 1-24 have been canceled and claims 25-47 have been added as per applicant's

preliminary amendment B in Paper No. 9.

### Continued Prosecution Application

1.      The request filed on 10/17/2000 for a Continued Prosecution Application (CPA) under 37

CFR 1.53(d) based on parent Application No. 09/416,017 is acceptable and a CPA has been

established.  An action on the CPA follows.

### Claim Objections

2.      Claim 35 is objected to because of the following informalities: the first line of the claim

has a typographical error .  Appropriate correction is required.

### Claim Rejections - 35 USC § 112

3.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and
> distinctly claiming the subject matter which the applicant regards as his invention.

Application/Control Number: 09416017                          Page 3

Art Unit: 1615

       Claims 32, 34, and 39-44 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

4.    Claim 41 recites the limitation "duel oil dose" in the claim. There is insufficient antecedent basis for this limitation in the claim.

5.    Regarding claims 41-44, the claims are confusing as reciting the "duel oil dose", what is meant by that expression?

6.    Claims 39 and 40 are reciting EPA and DHA and abbreviations are improper in the claim language.

7.    Regarding claims 32 and 43, the use of the trademark "Firmenich strawberry flavor #52311A" has been noted in this application. It should be capitalized wherever it appears and be accompanied by the generic terminology.

       Although the use of trademarks is permissible in patent applications, the proprietary nature of the marks should be respected and every effort made to prevent their use in any manner which might adversely affect their validity as trademarks.

NOR 0000107

Application/Control Number: 09416017                                    Page 4

Art Unit: 1615

*Claim Rejections - 35 USC § 103*

8.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

9.      Claims 25-47 are rejected under 35 U.S.C. 103(a) as being unpatentable over US

5,141,961 ('961) standing by itself or in combination with US 5,874,418 ('418), US 5,738,871

('871), or US 5,444,054 ('054).

       US '961 is teaching a soft gelatin shell encapsulating a dose of pharmaceutical

composition which can be a nutritional supplements such as fatty acids; a liquid solvent; and

flavorings. The shell of the gelatin capsule comprising from about 10 to 35% of polyols such as

glycerine (glycerol), from about 15 to 25% water, and flavoring. The method of making such a

gelatin capsule including combining the appropriate amounts of gelatin, glycerine, water and

flavoring; then stirring while heating until uniform solution is obtained (melting); then

encapsulating the desired dose of the solubilized capsule fill. See the abstract; col.6, lines 25-26,

55-56; col.8, lines 1, 35-56; col.9, lines 1-3, 15-20, 25-33, 40-41, 49-55.

       It is within the skill in the art to select optimal parameters such as ratios and weight

percents of components in order to achieve a beneficial effect. See *In re Boesch*, 205 USPQ 215

(CCPA 1980). Therefore, the ratios and weight percents of water and the flavoring agent in the

gelatin capsule are not considered critical absent evidence showing superior and unexpected

Application/Control Number: 09416017                           Page 5

Art Unit: 1615

results. As per applicant's statement in the I.D.S., filed 11/21/2000, the 7% of water content in

the gelatin capsule was not ideal, and in particular the taste deteriorate severely after a 6 month

period to such an extent that the capsule was not tolerable after 6 month and generally not

consumable by the children. Applicant also stated that the increase in water content resulted in an

even distribution of flavor in the gelatin capsule.

Although it is well known to provide fish oil capsules comprising omega-3 especially

EPA and DHA as a dietary supplement, applicant may argue that US '961 does not teach the fish

oil or its species as a dietary supplement. The examiner is citing the following references for the

solely teaching of the fish oil and its fatty acids as well as the art well known different flavors.

US '418 is teaching a gelatin capsule comprising gelatin, glycerine, and flavoring agent

such as cinnamon, peppermint, or orange. The gelatin capsule encapsulates an active ingredients

such as dietary supplement which includes fish oil and flavoring agents such as peppermint,

almond, vanilla, lemon, lime, orange, peach, strawberry, raspberry, and pineapple. See col.15,

lines 40-41, 66-67; col.16, lines 1-10, 50-54; col.19, lines 65-67; col.20, lines 1-16.

US '871 is teaching a gelatin capsule containing a fat soluble nutrient and a liquid solvent

(glycerol and water). The nutrient oils including omega-3 family which includes fish oil which

contains EPA and DHA. See the abstract; col.3, lines 21-22; col.4, lines 14-16.

US '054 is relied upon for the solely teaching of the flavor solution is a strawberry flavor

( Firmenich) which is used to flavor the EPA and DHA in a dietary supplemental composition.

See the abstract; col.13, lines 18-20; col.26., lines 48-53.

Application/Control Number: 09416017                                    Page 6

Art Unit: 1615

      Absence of showing criticality in using the particular Firmenich strawberry flavor

#52311A, renders claims 32 and 34 obvious over US '961.

      Accordingly, it would have been obvious to one having ordinary skill in the art at the time

the invention was made to obtain a gelatin capsule comprising a flavor in the shell encapsulated

fish oil such as EPA or DHA and flavor and motivated by the teaching of US '961 that

nutritional supplements and fatty acids are supplied in a gelatin capsule, and adjusting the

amounts of water and flavors in the shell and the contents, and the claimed flavored capsule

would have been delivered with reasonable expectation of success of improving the palatability

of the fish oil us a medicament.


10.    The declaration under 37 CFR 1.132 filed 11/21/2000 is insufficient to overcome the

rejection of claims 25-47 based upon 103 rejection as set forth in the last Office action because:

      It state(s) that the claimed subject matter solved a problem that was long standing in the

art. However, there is no showing that others of ordinary skill in the art were working on the

problem and if so, for how long. In addition, there is no showing that persons skilled in the art

who were presumably working on the problem knew of the teachings of the above cited

references and still were unable to solve the problem. See MPEP §716.04.


11.    The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure. US 6,004,582 and US 4,888,293 are disclosing a gelatin capsules.

Application/Control Number: 09416017                              Page 7

Art Unit: 1615

12.     No claims are allowed.


13.     Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Examiner Isis Ghali whose telephone number is (703) 305-4048.  The

examiner can normally be reached on Monday-Friday from 8:30 to 5:30 Eastern time.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Thurman Page, can be reached on (703) 308-2927.  The fax phone number for the

organization where this application or proceeding is assigned is (703) 305-3592.

        Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is (703) 308-1235.



Isis Ghali

Patent Examiner

November 27, 2000.

                                        THURMAN K. PAGE
                                  SUPERVISORY PATENT EXAMINER
                                     TECHNOLOGY CENTER 1600

| | | | | | |
|---|---|---|---|---|---|
| *Notice of References Cited* | Application No. 09/446,017 | Applicant Oppelm | | | |
| | Examiner Isis Ghali | Group Art Unit 1515 | | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,141,961 | 8/1992 | Coopman | 514 | 629 |
| B | 5,874,418 | 2/1999 | Stella et al. | 514 | 58 |
| C | 5,738,871 | 4/1998 | Story | 424 | 451 |
| D | 5,444,054 | 8/1995 | Garleb et al. | 514 | 54 |
| E | 6,004,582 | 12/1999 | Faour et al. | 424 | 473 |
| F | 4,888,239 | 12/1989 | Brox | 428 | 402.2 |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-95)     Notice of References Cited     Part of Paper No. 11

NOR 0000112

# EXHIBIT
# B

RECEIVED

APR 1 1 2001

TECH CENTER 1600/2900

In the United States Patent and Trademark Office

Applicant:        Joar Opheim
Serial Number:    09/416017
Filed:            Oct. 6, 1999
Title:            Flavored Gelatin Capsule and Method of Manufacture
Examiner:         Isis Ghali
Group Art Unit:   1615

Amendment C

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

This amendment is in response to the Office Action mailed on December 4, 2000, with a
response due March 4, 2000.  Claims 25 - 47 are now pending.  Applicant hereby requests
that the application please be amended as follows:

IN THE CLAIMS:

Please amend claim 28,29, 35, 39, 40, and 41 respectively as follows:

28.(Amended) A fish oil capsule for palatable presentation of fish oil comprising:

    a)    a gelatin capsule, said gelatin capsule comprising gelatin, a gelatin softener,
water, and a water soluble flavoring, wherein said water is present in said
gelatin capsule in a concentration between about 6 % and about 10 %, and
wherein said water soluble flavoring is present in a concentration between
about 0.50 % and about 1.50 % of said gelatin capsule; and

    b)    a fish oil dose, said gelatin capsule encapsulating said fish oil dose, whereby
said fish oil capsule is a palatable fish oil composition which promotes
ingestion of the fish oil.

29. (Amended) The fish oil capsule claimed in claim 28, wherein said water soluble
flavoring is present in a concentration between about 0.5% and about 1.0% of said
gelatin capsule.

35. (Amended) The fish oil capsule claimed in claim 31, further comprising an oil soluble
flavoring, wherein said oil soluble flavoring is dissolved in said fish oil dose.

39. (Amended) The fish oil capsule claimed in claim 37, wherein said fish oil dose
comprises at least one Omega-3 fatty acid chosen from the group consisting of
eicosapentanoic acid and docosahexanoic acid.

NOR 0000119

40. (Amended) The fish oil capsule claimed in claim 38, wherein said fish oil dose comprises at least one Omega-3 fatty acid chosen from the group consisting of eicosapentanoic acid and docosahexanoic acid.

41. (Amended) A fish oil capsule for palatable presentation of fish oil comprising:
a)    a gelatin capsule, said gelatin capsule comprising gelatin, a gelatin softener, water, and a water soluble flavoring, wherein said water is present in said gelatin capsule in a concentration between about 6 % and about 10 %, and said water soluble flavoring is present in said gelatin capsule in a concentration between about 0.25% and about 0.50 %, and wherein said gelatin capsule comprises between 10 and 35 percent of said gelatin softener, and said gelatin softener comprises at least one polyol, said polyol chosen from the group consisting of glycerol and sorbitol; and
b)    a fish oil dose, said gelatin capsule encapsulating said fish oil dose, whereby said fish oil capsule is a palatable fish oil composition which promotes ingestion of the fish oil.

Please cancel claims 32 and 34.

## REMARKS/ARGUMENTS

### Claim objections and Rejections under 35 U.S.C. 112
The typographical errors in claims 35 and 41 have been corrected (which repairs the 35 U.S.C 112 problem in claims 41-44), the abbreviations for EPA and DHA have been spelled out, and claims 32 and 34 have been canceled.

### Rejections under 35 U.S.C 103
The broadest claims 25 - 27 have been separated from claims 28 - 44 to emphasize different evidence for patentability in the two claim sets, i.e., that the patentability of claims 28 - 44 stands independent from claims 25 - 27. Claims 25 -27 are respectfully argued based on inadequacy of the references sited to comprise a prima facie case of obviousness. Claims 28 - 44, additional arguments are presented based on evidence of superior and unexpected results presented in Rule 132 declarations submitted with Amendment B and with this Amendment C. In Particular an additional Declaration has been provided to answer questions raised by Dr. Gollamudi S. Kishore in an interview on February 28, 2001 regarding the scope and procedures for testing flavor addition to the capsule shells.

### Patentability of Claims 25-27 and 45
The major distinction of the instant invention is inclusion of flavoring *in the gelatin capsule shells* of a capsule filled with fish oil to promote palatability of the fish oil in a capsule filled with fish oil, and the most important issue is whether addition of flavoring to capsule shells is obvious based on the references. The only reference pertaining to inclusion of flavoring *in the gelatin capsule shells* is in Coapman, US 5,141,961 '961. The other references deal solely with flavoring the capsule contents or identifying different

flavorings which have been used with various pharmaceuticals, but *not* with adding flavoring to the capsule shell[1]. The entire teaching on this point in '961 is as follows: " Other optional components which can be incorporated into the soft gelatin shells include colorings, flavorings, preservatives, anti-oxidants, essences, and other aesthetically pleasing components."

It is respectfully argued that adding flavoring to capsule shells is not at all obvious based on the well known art of adding flavoring to the ingredients themselves. It is further argued, that the very limited teaching in '961 is not sufficiently enabling to suggest that inclusion of flavoring *in the shell* of a gelatin capsule filled with fish oil would have an appreciable effect on palatability of the entire capsule (shell and fish oil). There is no indication in '961 (other than the quotation above) that palatability is a subject in the '961 invention. The capsule is characterized as "easy to swallow" (col. 1, line 27) and rapidly dissolving in the gastrointestinal tract (col. 29-30). There is no indication that the amount of flavoring is an important variable as has been discovered by the applicant (see discussion below under claims 28 - 40, describing experimental results of criticality of the flavoring concentration). At most, mention of flavoring on a list of optional ingredients such as found in '961 might be considered to be the type of reference that "gives general guidance and is not at all specific as to the particular form of the claimed invention or how to achieve it" and which the Board has characterized as an "invitation to explore" which may make an approach "obvious to try" but not make the invention obvious. *Ex parte Obukowicz*, 27 USPQ 2d 1063 (B.P.A.I. 1992).

Patentability of Claims 28 - 44 and 46,47 - Proof of Unexpected Results
The claims in question recite a particularly narrow range of flavoring concentrations in the shell, 0.5 to 1.5% in claim 28. The OA states that "It is within the skill in the art to select optimal parameters such as ratios and weight percents of components in order to achieve a beneficial effect" and sites *In re Boesch*, 205 USPQ 215 (CCPA 1980) as authority. In *Boesch* an metal alloy composition was optimized by setting four parameters according to a particular criteria set forth. The alloy compositions were all within the well defined ranges of the prior art, and were nearly identical with prior art compositions. The *Boesch* court set the criterion for rebutting a prima facie case of obviousness of a range "where results of optimizing a variable, which was known to be result effective, are unexpectedly good; proof of unexpected results properties may be in the form of direct or indirect comparison testing the claimed compounds and closest prior art." In *Boesch* the court held that the applicant did not meet the burden, because he did not sufficiently meet the burden of comparing his range to the many close prior art compositions.

In the instant case, the '961 patent *does not disclose a range of concentrations for the flavoring in gelatin capsule shells*, but merely states that flavoring is as an "optional ingredient". No concentrations were given, and no indication that concentration of

---

[1] The OA seems to indicate that US 5,874,418 ('418) teaches a "capsule comprising gelatin, glycerin and flavoring agent". It is respectfully submitted, however, that '418 simply defines encapsulating agents, flavorants, flavors etc. in "as used herein" definitions, but never suggests combining flavors with the capsule shell.



3

flavoring was an important variable. If one nonetheless accepts that '961 is a sufficient disclosure, it is respectfully submitted that the Applicant's Rule 132 Declarations, submitted as Exhibit 1 to Amendment B (the preliminary amendment submitted with the CPA filed 10/17/2000) and the Exhibit to this Amendment C, providing supplemental information, now satisfy the standard for rebutting a prima facie case of obviousness by presenting evidence of unexpectedly good results.

Referring to the Exhibits, data are shown justifying the following statements:

1. At least ten different natural flavorings were tested including strawberry, lemon, peppermint, peach, orange and butterscotch. In each flavor tested, the flavoring improved the taste only in an unexpectedly narrow range of flavoring concentrations, which ranged between 0.25 to 1.75 weight per cent in each case. This result was unexpected to the applicant and to the lab which made the samples for him.

2. The testing was conducted in two steps, first to find a generally palatable range and then to find a further preferred range within the first range

3. The testing was started with concentrations of 8-10% for each flavor and went down to 0.25-0.5%. In all cases the palatability was better at the lower concentrations and in no case was a capsule consumable with a flavor content of the shell grater than 3%.

4. The flavor of the capsules was evaluated by panels, each panel comprising at least eight adults and from three to five children. The children's inputs were given considerable weight.

5. At 1.5% and above flavoring concentration the capsules would typically become unacceptably soft, presumably due to interactions between the flavoring and the gel capsule components. Shell softening leads to air leaking into the capsules and the fish oil turning rancid and unpalatable. (The importance of capsule hardness is discussed in Exhibit 1 to Amendment B in the context of water concentration requirements).

6. Long term storage effects were observed. The adequacy of a flavoring diminishes with storage for oils with low omega 3 concentrations, requiring higher initial flavoring concentrations.

The interaction of shell hardness and flavoring concentration is by no means reported in the cited art and is important to the technology of making fish oil capsules. Similarly the taste/concentration effect was not known nor would it have been obvious to one of ordinary skill in the art that palatability lies in such a narrow range of concentrations while higher concentrations are unpalatable. A person trying to make a flavored shell to improve palatability of fish oil capsules could easily missed the proper range and concluded that the improvement was unfeasible. The range claimed has unexpected and superior results compared to the rest of the potential concentrations.

The applicant stated that these results were unexpected by him, in spite of his substantial experience and expertise in producing fish oil products, and required substantial

4

experimentation. In view of the applicant's experimental results, it is clear that the disclosure in '961 of optional inclusion of flavorings would not have led someone to use flavoring in the capsule shell to produce a palatable fish oil capsule with reasonable expectation of success.

It is respectfully argued that applicant has met the burden of rebutting a prima facie case of obviousness; reconsideration and allowance of these claims is requested.

Patentability of Claims 41 - 44
Claims 41 to 44 represent a special case of claim 28, wherein an unexpected lower flavoring concentration is required for certain capsules containing over 80% Omega-3 fatty acids, as described in the application. The basis for these claims follows claim 28, as modified by the special finding regarding composition of the fish oil.

## CONCLUSION

It is respectfully submitted that the applicant has overcome the rejections to claims 25 through 47 by amendment, argument, and evidence of superior and unexpected results and requests reconsideration and allowance of all outstanding claims.

Attached hereto is a marked-up version of the changes made to the specification and claims by the current amendment. The attached page is captioned "Version with markings to show changes made."

Respectfully Submitted,

Howard E. Lebowitz

Howard E. Lebowitz
Registration Number 44,864
Agent for the Applicant
905 West Middlefield Road, No. 971
Mountain View, CA 94043
Telephone 650-964-0665

5

Version with markings to show changes made

In the claims:
Claims 28,29, 35, 39, 40, and 41

28. (Amended) A [The] fish oil capsule for palatable presentation of fish oil comprising:
   a) [claimed in claim 26,] a gelatin capsule, said gelatin capsule comprising gelatin, a gelatin softener, water, and a water soluble flavoring, wherein said water is present in said gelatin capsule in a concentration between about 6 % and about 10 %, and wherein said water soluble flavoring is present in a concentration between about 0.50 % and about 1.50 % of said gelatin capsule; and
   b) a fish oil dose, said gelatin capsule encapsulating said fish oil dose, whereby said fish oil capsule is a palatable fish oil composition which promotes ingestion of the fish oil.

29. (Amended) The fish oil capsule claimed in claim 2[7]8, wherein said water soluble flavoring is present in a concentration between about 0.5% and about 1.0% of said gelatin capsule.

35. (Amended) The fish oil capsule claimed in claim 31, further comprising an oil soluble flavoring, wherein said oil soluble flavoring is dissolved in said fish oil dose [wherein said oils soluble flavoring is present in a concentration between about 0.5% and about 1.0% of said fish oil dose].

39. (Amended) The fish oil capsule claimed in claim 37, wherein said fish oil dose comprises at least one Omega-3 fatty acid chosen from the group consisting of eicosapentanoic acid [EPA] and docosahexanoic acid [DHA].

40. (Amended) The fish oil capsule claimed in claim 38, wherein said fish oil dose comprises at least one Omega-3 fatty acid chosen from the group consisting of eicosapentanoic acid [EPA] and docosahexanoic acid [DHA].

41. (Amended) A fish oil capsule for palatable presentation of fish oil comprising:
   a) a gelatin capsule, said gelatin capsule comprising gelatin, a gelatin softener, water, and a water soluble flavoring, wherein said water is present in said gelatin capsule in a concentration between about 6 % and about 10 %, and said water soluble flavoring is present in said gelatin capsule in a concentration between about 0.25% and about 0.50 %, and wherein said gelatin capsule comprises between 10 and 35 percent of said gelatin softener, and said gelatin softener comprises at least one polyol, said polyol chosen from the group consisting of glycerol and sorbitol; and
   b) a fish oil dose, said gelatin capsule encapsulating said fish [duel] oil dose, whereby said fish oil capsule is a palatable fish oil composition which promotes ingestion of the fish oil.

6

EXHIBIT

Rule 132 Declaration by Applicant Joar Opheim

7

NOR 0000125

# EXHIBIT

# C



**UNITED STATES DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
          Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/416,017 | 10/06/99 | OPHEIM | J | |

| | |
|---|---|
| 023843 | HM22/0518 |
| HOWARD E LEBOWITZ | |
| 905 WEST MIDDLEFIELD ROAD | |
| NO. 971 | |
| MOUNTAIN VIEW CA 94043 | |

| EXAMINER |
|---|
| GHALI, I |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | 16 |

DATE MAILED:   05/18/01

Please find below and/or attached an Office communication concerning this application or proceeding.

                                        Commissioner of Patents and Trademarks

PTO-90C (Rev. 11/00)                                              1- File Copy

NOR 0000126

| *Office Action Summary* | Application No. 09/415,017 | Applicant(s) Opheim |
| | Examiner Isis Ghali | Art Unit 1615 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on _Apr 4, 2001_

2a) ☒ This action is FINAL.    2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) _25-31, 33, and 35-47_ is/are pending in the applica

   4a) Of the above, claim(s) _____ is/are withdrawn from considera

5) ☒ Claim(s) _28-31, 33, and 35-47_ is/are allowed.

6) ☒ Claim(s) _25-27_ is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirem

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   a)☐ All b) ☐ Some* c) ☐ None of:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   *See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15) ☐ Notice of References Cited (PTO-892)    18) ☐ Interview Summary (PTO-413) Paper No(s). _____
16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)    19) ☐ Notice of Informal Patent Application (PTO-152)
17) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s). _____    20) ☐ Other: _____

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-00)    Office Action Summary    Part of Paper No. 16

NOR 0000127

Application/Control Number: 09416017                                    Page 2

Art Unit: 1615

## DETAILED ACTION

The receipt is acknowledged of applicant's request for extension of time; declaration and
amendment C, all filed 4/4/2001.

Claims 25-31, 33, 35-47 are included in the prosecution and the status of the claims
are as follows:

1.    Claims 25-27 are rejected under 35 U.S.C. 103(a) as being unpatentable over US
5,141,961 ('961).

### Response to Arguments

2.    Applicant's arguments filed 4/4/2001 have been fully considered but they are not
persuasive.

Applicant is traversing the rejection of claims 25-27 by arguing that there is no indication
in '961 that inclusion of flavoring in the shell of gelatin capsule would have an appreciable effect
on palatability of the entire capsule.

In response to the above argument, it is the position of the examiner that the claims are
directed to composition and the future intended use has no significant weight in composition
claims, either the gelatin capsule will provide improved palatability or will provide easy
swallowing. US '961 reference is suggesting the inclusion of flavoring agent in the shell

NOR 0000128

Application/Control Number: 09416017                              Page 3

Art Unit: 1615

permitting one having one skilled in the art with undue experimentation to determine the amount.

Claim 25 not limiting the amount by any upper range. Furthermore, a conclusion of obviousness

does not require absolute predictability, only reasonable expectation of success; and references

are evaluated by what they suggest to one versed in the art, rather than by their specific

disclosure. *In re Bozek*, 163 USPQ 545 (CCPA 1969).


### Conclusion

3.     **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the mailing

date of this final action.


4.     Claims 28-31, 33, and 35-47 are allowed.


NOR 0000129

Application/Control Number: 09416017                                    Page 4

Art Unit: 1615

*Allowable Subject Matter*

5.    The following is an examiner's statement of reasons for allowance: the closest prior art

does not teach the concentration of the flavoring in the capsule in the amount ranging from 0.5 %

to 1.5 %.


6.    Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Examiner Isis Ghali whose telephone number is (703) 305-4048.  The

examiner can normally be reached on Monday-Friday from 7:00 to 5:30 Eastern time.

      If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Thurman Page, can be reached on (703) 308-2927.  The fax phone number for the

organization where this application or proceeding is assigned is (703) 305-3592.

      Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is (703) 308-1235.


Isis Ghali

Patent Examiner



THURMAN K. PAGE
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 1600

# EXHIBIT

# D

Corres and Mail

## BOX AF    07-13-01

OIPE
JUL 12 2001

RECEIVED
TECH CENTER 1600/2900
JUL 16 2001

Reply Under 37 CFR 1.116 – Expedited Procedure Examining Group 1615

In the United States Patent and Trademark Office

Applicant:        Joar Opheim
Serial Number:    09/416017
Filed:            Oct. 6, 1999
Title:            Flavored Gelatin Capsule and Method of Manufacture
Examiner:         Isis Ghali
Group Art Unit:   1615

Bet
7-18-01

### Amendment D

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

This amendment is in response to the Office Action mailed on May 18, 2001, with a response due August 18,2001. Claims 25 - 31, 33, 35-47 are now pending. Applicant hereby requests that the application please be amended as follows:

### IN THE CLAIMS:

Please cancel claims 25, 26, and 27.

### REMARKS

Claims 25, 26, and 27 are being canceled, with traverse, respectfully based on the arguments previously presented with Amendment C, in order to expedite prosecution and allowance of the remaining claims which have been allowed in the above Office Action.

It is intended that this amendment will place the application in condition for allowance.

Respectfully Submitted,

Howard E. Lebowitz
Registration No. 44864
905 West Middlefield Road
No. 971
Mountain View, CA 94043
Telephone - 650-964-0665

Express Mail Mailing Number:

EF 242685721 US

# EXHIBIT

# E

| *Notice of Allowability* | Application No. 08/418,017 | Applicant(s) Opheim | |
|---|---|---|---|
| | Examiner Isis Ghali | Art Unit 1615 | |

*—The MAILING DATE of this communication appears on the cover sheet with the correspondence address—*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR, REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to _7/12/2001_

2. ☒ The allowed claim(s) is/are _28-31, 33, and 35-47_

3. ☒ The drawings filed on _Oct 6, 1999_ are acceptable as formal drawings.

4. ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).
   a) ☐ All    b) ☒ Some*    c) ☐ None    of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   *Certified copies not received: _____

5. ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. THIS THREE-MONTH PERIOD IS NOT EXTENDABLE FOR SUBMITTING NEW FORMAL DRAWINGS, OR A SUBSTITUTE OATH OR DECLARATION. ~~This three-month period for reply is extendable under 37 CFR 1.136(a)~~ ~~in compliance with the REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL, this time period is extendable under 37 CFR 1.136(a).~~

6. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

7. ☐ Applicant MUST submit NEW FORMAL DRAWINGS
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review (PTO-948) attached
      1) ☐ hereto or  2) ☐ to Paper No. _____
   (b) ☐ including changes required by the proposed drawing correction filed _____, which has been approved by the examiner.
   (c) ☐ including changes required by the attached Examiner's Amendment/Comment or in the Office action of Paper No. _____.

   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

8. ☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any reply to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

1 ☐ Notice of References Cited (PTO-892)
2 ☐ Notice of Informal Patent Application (PTO-152)
3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
4 ☒ Interview Summary (PTO-413), Paper No. _19_
5 ☐ Information Disclosure Statement(s) (PTO-1449), Paper No(s). _____
6 ☐ Examiner's Amendment/Comment
7 ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
8 ☒ Examiner's Statement of Reasons for Allowance
9 ☐ Other

THURMAN K. PAGE
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 1600

U.S. Patent and Trademark Office
PTO-37 (Rev. 01-01)                Notice of Allowability                Part of Paper No. 20

NOR 0000136



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

023849                        HM12/0728
HOWARD E LEBOWITZ
905 WEST MIDDLEFIELD ROAD
NO. 971
MOUNTAIN VIEW CA 94043

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/416,017 | 10/06/99 | 018 | GHALI, J | 1618 | 07/26/01 |
| First Named Applicant | OPHEIM, | | 35 USC 154(b) term ext. = | 0 Days. | |

TITLE OF INVENTION   FLAVORED GELATIN CAPSULE AND METHOD OF MANUFACTURE

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 1 | 424-045.000 | J66 | UTILITY | YES | $620.00 | 10/26/01 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.**
_**PROSECUTION ON THE MERITS IS CLOSED.**_

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS
APPLICATION SHALL BE REGARDED AS ABANDONED. _THIS STATUTORY PERIOD CANNOT BE EXTENDED._**

**HOW TO RESPOND TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.
   If the SMALL ENTITY is shown as YES, verify your
   current SMALL ENTITY status:

   A. If the status is changed, pay twice the amount of the
      FEE DUE shown above and notify the Patent and
      Trademark Office of the change in status, or
   B. If the status is the same, pay the FEE DUE shown
      above.

If the SMALL ENTITY is shown as NO:

   A. Pay FEE DUE shown above, or

   B. File verified statement of Small Entity Status before, or with,
      payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your
    ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal
    should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part
    B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
     Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER:** Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance
fees when due.

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

NOR 0000137