MCDERMOTT WILL & EMERY LLP
William G. Gaede III (136184)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Attorneys for *J.R. Carlson Laboratories, Inc. and Metagenics, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC. <br><br> Plaintiff, <br><br> v <br><br> J.R. CARLSON LABORATORIES, INC. and METAGENICS, INC. <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. C-07-02385 PJH <br><br> **MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR PRELIMINARY INVALIDITY CONTENTIONS (PATENT L.R. 3-7)** <br><br> **Date:** June 23, 2008 <br> **Time:** t.b.d. <br> **Courtroom:** 13, 17th Floor <br> **Judge:** Hon. Phyllis J. Hamilton |

**RELIEF SOUGHT**

Defendants seek an order permitting them to amend their Preliminary Invalidity Contentions to include two additional prior art references, and related contentions regarding Plaintiff's lack of compliance with 35 U.S.C. §112. Defendants' amendments are necessitated by plaintiff Nordic Naturals, Inc.'s ("Plaintiff") proffered claim construction of what Plaintiff refers

to as the "percentage clauses" in the claims.[1]  In its Opening Claim Construction Brief, Plaintiff raised for the first time the question of whether the percentage clauses allowed the capsule shell to be comprised of "layers or sections of materials, provided that the proportion and percentages in the claims are met" without clarifying what was meant by this phrase.  Plaintiff's Claim Construction Brief at 12.  In its Reply Claim Construction Brief, with regard to the percentage clauses, Plaintiff argued for the first time that a "coating is part of the capsule" and that Defendants' construction of the clauses would demand "a homogenous and uniform distribution of the flavoring in the softgel."  Plaintiff's Reply Claim Construction Brief at 8 and 9.  Finally, at the Claim Construction Hearing on April 30, Plaintiff argued for the first time that flavored coating of softgels was unknown in the prior art.  [Declaration of Brian L. Baker in Support of Defendants' Motion for Leave to Amend their Preliminary Invalidity Contentions ("Baker Decl."), Ex. A at 7-8].

Defendants' amendments to its Preliminary Invalidity Contentions are relevant only if the Court agrees with Plaintiff's construction of the "percentage clauses."  Should the Court's Claim Construction Order accept Plaintiff's construction, under Patent Local Rule 3-6(b) Defendants would have the right to amend its Preliminary Invalidity Contentions without leave of court.  Because the Court's Order may not issue for some time yet, Defendants seek leave to amend their invalidity contentions now in order to keep the case on track with its schedule and provide Plaintiff with information on which Defendants' experts will likely offer opinions and ample time to properly respond.  Fact discovery closes on May 30 and expert witness reports are due that day.  Rebuttal expert reports are due June 13.  Thus, the need to amend now.

Plaintiff's recent contentions regarding the scope of the claims, Defendants' subsequent discovery of two prior art references related to Plaintiff's ever expanding reading of the claims, their prompt motion for leave to amend, and the materiality of these additional references and contentions together establish "good cause" under Patent Local Rule 3-7 for Defendants to amend their invalidity contentions.  Although Plaintiff has refused to consent to this amendment, it has

---

[1] The "percentage clauses" read "wherein said water [water soluble flavoring] is present in said gelatin capsule in a concentration between about …".

1  not articulated any prejudice.  Defendants demonstrate herein that Plaintiff will in no way be
2  prejudiced by this amendment.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The interests of the Court and the public will be best served if the validity of the patents-in-suit are adjudicated on their merits, based on full knowledge and consideration of the relevant prior art. For this reason, Defendants seek leave to amend their Preliminary Invalidity Contentions pursuant to Patent Local Rule 3-7. Specifically, Defendants respectfully request that the Court grant them leave to add two prior art references, UK Patent Application GB 2283899 A ("the UK '899 Application") and Japanese Patent Application S59-71673 ("the Japanese '673 Application"), which Defendants contend render the asserted claims of the patents-in-suit obvious and invalid. Defendants further request the Court grant them leave to add contentions regarding patent invalidity for failure to comply with the requirements of 35 U.S.C. §112 under the Court's actual or prospective constructions.

Defendants' motion to amend is occasioned by Plaintiff's recently-disclosed and expansive interpretation of the "percentage clauses" ("wherein said water [soluble flavoring] is present in a concentration between about …") in the asserted claims, as discussed below, and by the Court's construction of palatable at the April 30 Claim Construction Hearing. Defendants met and conferred with counsel for Plaintiff and attempted, unsuccessfully, to secure its agreement to Defendants' amendment of their Preliminary Invalidity Contentions. [Baker Decl., ¶ 5 and Ex. B].

## II. STATEMENT OF FACTS

In accordance with the Court's Order, Defendants filed their Preliminary Invalidity Contentions on October 29, 2007, including all pertinent contentions and prior art then known. [Baker Decl., Ex. C].[2] At that time, Defendants had no knowledge or understanding that Plaintiff would eventually allege that: (1) water and water soluble flavoring "present in" the gelatin shell may exist in "layers or sections of materials, provided that the proportion and percentages in the

---

[2] A redlined version of Defendants [Proposed] Amended Invalidity Contentions showing the original contentions and charts and the text and references added is attached to the Baker Declaration as Exhibit C.

claims are met;"[3] (2) a "coating is part of the capsule" and that Defendants construction of the "percentages clauses" would demand "a homogenous and uniform distribution of the flavoring in the softgel;"[4] and (3) flavored coating of softgels was unknown in the prior art.[5] When Plaintiff's allegations surfaced, Defendants diligently provided Plaintiff with their proposed Amended Preliminary Invalidity Contentions and requested that Plaintiff stipulate to the amendments. [Baker Decl., Ex. D]. The parties met and conferred on this and other issues on May 9, 2009. [Baker Decl., ¶ 5]. On May 12, 2008, Plaintiff stated its refusal to Defendants' proposed amendments. [Baker Decl., Ex. B].

At present, each party has taken only one deposition, each of which was of a third party. No party depositions have taken place. Expert reports have not been exchanged. Fact discovery is set to close May 30, 2008, and opening expert reports are due that day.

In light of the position taken by Plaintiff during claim construction (and not before) regarding the percentage clauses, Defendants seek leave to amend their Preliminary Invalidity Contentions to include the UK '899 Application and the Japanese '673 Application as prior art to the patents-in-suit. Defendants also seek leave to amend their invalidity contentions to include additional contentions related to 35 U.S.C. §112 (lack of written description, lack of enablement, and indefiniteness) based on Plaintiff's expansive construction of the percentage clauses.[6]

Should the Court agree with Plaintiff's construction of the percentage clauses, Defendants will have a right to amend their Preliminary Invalidity Contentions without leave of court under Patent Local Rule 3-6(b). In order to avoid any argument for delay of the case, Defendants seek leave to amend their invalidity contentions now.

**III. ARGUMENT**

Defendants' motion should be granted because (1) Defendants diligently searched for and disclosed the additional prior art and contentions after Plaintiff disclosed its expansive

---

[3] Plaintiff's Claim Construction Brief at 12.
[4] Plaintiff's Reply Claim Construction Brief at 8 and 9.
[5] Plaintiff's argument at the April 30, 2008 Claim Construction Hearing, Baker Decl., Ex. A at 7-8.
[6] A redlined version of Defendants [Proposed] Amended Invalidity Contentions showing the text and references added is attached to the Baker Declaration as Exhibit C.

MPK 141840-1.062114.0123     - 3 -     **MOTION FOR LEAVE TO AMEND PRELIM. INVAL. CONTENTIONS CASE NO. C-07-02385 PJH**

construction of the "percentage clauses"; (2) the contentions and prior art that they seek to add are material and their exclusion would deprive Defendants of meritorious defenses were they excluded; and (3) Plaintiff will suffer no undue prejudice by Defendants' proposed amendments.

Defendants' motion is based on Patent Local Rule 3-7, which permits supplementation of a party's preliminary invalidity contentions upon a showing of "good cause." *See* Patent Local Rule 3-7. This "accommodates the reality that identifying prior art is an inexact process." *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.,* 190 F.R.D. 644, 647 (N.D. Cal. 2000). In *Amersham*, litigated under the predecessor to Rule 3-6, the court recognized that "realistically, the party defending against an infringement claim may have to supplement his initial disclosures of prior art, and amend the required response chart, if his investigation is to unearth all potential prior art." *Id.* at 648. The court noted that in many instances the arbitrary deadlines would be harshly unrealistic. "To conduct a world-wide search, locate and disclose all potential prior art bearing on the patent-in-suit . . . and serve the response chart within 60 days after service of the claim chart - on pain of being precluded from using the information in the lawsuit - is a daunting task." *Id.* The requirements for amendment of invalidity contentions subsequently have become more modest, as the rules were amended in 2000 "to make it somewhat easier to amend claim charts." *LG Electronics, Inc. v. Q-Lity Computer, Inc.,* 211 F.R.D. 360, 367 (N.D. Cal. 2002).

Good cause exists where "the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1363 (Fed. Cir. 2006). The good cause requirement is designed "to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Id.* at 1366. Accordingly, good cause may exist where the moving party demonstrates that it was "reasonably diligent in searching for prior art" related to the patents-in-suit. *Amersham,* 190 F.R.D. at 648 (N.D. Cal. 2000). Here, Defendants diligently searched for and disclosed prior art on flavored coating of softgels almost immediately upon becoming aware of Plaintiff's new allegations regarding the scope of the percentage clauses. This

was not a strategic decision by Defendants to delay investigation of softgel coating prior art, but rather a prompt response by Defendants to newly-offered theories of infringement by Plaintiff.

A "good cause" standard primarily considers the diligence of the party seeking relief and the existence or degree of prejudice to the party opposing the amendment. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1991) (discussing "good cause" standard under Fed. R. Civ. P. 16(b)). Until Defendants had notice of Plaintiff's allegations regarding construction of the percentage clauses, they had no reason to search for and disclose prior art discussing flavored coatings, nor to address the lack of compliance with 35 U.S.C. §112 for claims that may be construed to cover flavor coated softgels.

### A. DEFENDANTS MET THE COURT'S DEADLINE FOR FILING PRELIMINARY INVALIDITY CONTENTIONS; ADDITIONAL EVIDENCE AND CONTENTIONS HAVE ONLY RECENTLY BECOME MATERIAL

Defendants fully complied with the Court's deadline for filing their preliminary invalidity contentions, serving Plaintiff with a seven page brief detailing the invalidity contentions and thirty-eight pages of invalidity charts applying twenty-seven references to the asserted claims. [Baker Decl., Ex. C]. At the time that Defendants prepared their preliminary invalidity contentions there was no reason to address coating of softgels as prior art, since it was disclosed nowhere in the claims, specifications, or prosecution histories of the patents-in-suit. Nor was it brought up until Plaintiff's claim construction positions were unmasked. Defendants have been diligent in seeking leave to amend their preliminary invalidity contentions once Plaintiff raised its argument during claim construction regarding the scope of the percentage clauses. Defendants promptly amended their Preliminary Invalidity Contentions, prepared this motion, produced the additional references, and conferred with Plaintiff as to whether it would agree to the amendment of such contentions.

### B. IF THE COURT ACCEPTS PLAINTIFF'S CLAIM CONSTRUCTION, THE ADDITIONAL PRIOR ART REFERENCES ARE HIGHLY RELEVANT TO DEFENDANTS' DEFENSE

If the Court agrees with Plaintiff's construction of the percentage clauses, the additional prior art references and related contentions in Defendants' Amended Preliminary Invalidity Contentions will be highly relevant and significant to their ability to successfully defend against

Plaintiff's patent infringement claims. These references teach flavored coating of softgels some fifteen years prior to their alleged disclosure in the patents-in-suit. [Ex. C, '231 Invalidity Chart at 18-21]. Defendants contend that these references would show that the patents-in-suit are invalid under 35 U.S.C. §112, and, when combined with other prior art previously cited by Defendants, invalidate the patents-in-suit under 35 U.S.C. §103. Defendants will be substantially prejudiced if the Court denies them the opportunity to present these prior art references and contentions. *See Amersham,* 190 F.R.D. at 649. Moreover, granting Defendants' motion for leave to add these prior art references to their invalidity contentions serves the strong public interest in eliminating invalid patents. *Nestier Corp. v. Meanasha Corp.-Lewisystems Div.,* 739 F.2d 1576, 1581 (Fed. Cir. 1984) ("There is a stronger public interest in the elimination of invalid patents than in the affirmation of a patent as valid.").

### C. PLAINTIFF WILL NOT BE UNFAIRLY PREJUDICED BY THE AMENDMENTS

The parties have taken only two depositions, one each, those being of third parties. Expert reports have not been served. Plaintiff currently has and will have the opportunity to investigate the amendments to Defendants' preliminary invalidity contentions in the numerous depositions it has noticed before the end of discovery.

Defendants' amendments to their Preliminary Invalidity Contentions, amounting to only two additional prior art references and the related contentions regarding lack of compliance with 35 U.S.C. §112 (if the claims are construed to cover flavored coatings) cause Plaintiff no undue surprise or hardship. Plaintiff raised its contentions regarding the scope of the percentage clauses for the first time during claim construction. It was Plaintiff's delay in raising its allegations, not any strategic decision on the part of Defendants, that caused Defendants to not earlier search for and include these materials in their contentions. If Plaintiff can articulate any harm—Defendants believe it cannot—the cause of such harm must be laid at Plaintiff's door, not Defendants'.

### IV. CONCLUSION

Good cause exists to allow Defendants leave to amend their Preliminary Invalidity Contentions to include the additional prior art and contentions referenced herein. Therefore, for

the reasons stated, Defendants respectfully request that the Court enter an Order Granting Defendants' Motion for Leave to Amend their Preliminary Invalidity Contentions.

DATED: May 14, 2008         MCDERMOTT WILL & EMERY LLP

By:     */s/ William G. Gaede, III*
           William G. Gaede, III

Attorneys for *J.R. Carlson Laboratories, Inc. and Metagenics, Inc.*