MCDERMOTT WILL & EMERY LLP
William G. Gaede III (136184)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:  (650) 813-5000
Facsimile:  (650) 813-5100

Attorneys for *J.R. Carlson Laboratories, Inc. and Metagenics, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORDIC NATURALS, INC. <br><br> Plaintiff, <br><br> v <br><br> J.R. CARLSON LABORATORIES, INC. and METAGENICS, INC. <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. C-07-~~2385 MJJ~~02385 PJH <br><br> **DEFENDANTS J.R. CARLSON LABORATORIES, INC.'S AND METAGENICS, INC.'S AMENDED PRELIMINARY INVALIDITY CONTENTIONS** |

Pursuant to Patent Local Rules 3-3 and 3-4, defendants and counter-claimants J.R. Carlson Laboratories, Inc. ("Carlson") and Metagenics, Inc. ("Metagenics") (collectively, "Defendants") herein provide Preliminary Invalidity Contentions with respect to United States Patent Nos. 6,346,231 ("the '231 patent") and 6,652,879 ("the '879 patent") (collectively, "the patents-in-suit"). These Preliminary Invalidity Contentions and documents are in response to the disclosure of asserted claims and Preliminary Infringement Contentions submitted by plaintiff and counter-defendant Nordic Naturals, Inc. ("Nordic") pursuant to Patent Local Rule 3-1.

The following invalidity contentions are preliminary. Defendants reserve rights to supplement, modify, and/or amend their Amended Preliminary Invalidity Contentions and

associated disclosures over time because discovery and investigation in connection with this litigation is ongoing. Defendants have not yet received all documents that may be relevant to disclosures required under local rules, and Nordic has not yet produced all information and documents responsive to Defendants' document requests.

Any supplemented, modified, and/or amended Preliminary Invalidity Contentions would also be preliminary. Defendants' ultimate contentions concerning the invalidity of the claims of the '231 and '879 patents may differ from their Preliminary Invalidity Contentions, depending on, for example, the Court's construction of claims, and/or positions that Nordic or its expert witness(es) may take concerning claim interpretation, infringement and/or invalidity issues.

## I.  DEFENDANTS' PATENT LOCAL RULE DISCLOSURES

### A.  PRELIMINARY INVALIDITY CONTENTIONS

#### 1.  Patent Local Rule 3-3(a)

Pursuant to Patent L.R. 3-3(a), Defendants provide Exhibit A (attached) that identifies prior art that anticipates or renders obvious the asserted claims of the '879 and '231 patents. This chart and the other prior art charts appended hereto have been amended to introduce two additional pieces of prior art that address coating of sofgels necessitated by Plaintiff's expansive view of claim scope. *See* Section II.C., *infra*.

#### 2.  Patent Local Rule 3-3(b)

Pursuant to Patent L.R. 3-3(b), Exhibit A specifies for each identified item of prior art whether the item anticipates or renders obvious each of the asserted claims of the '231 and '879 patents.

#### 3.  Patent Local Rule 3-3(c)

Pursuant to Patent L.R. 3-3(c), Defendants further provide Exhibit B (attached) that includes citations to locations in each item of prior art where one finds teaching or suggestion of each element of each asserted claim in the '879 patent. Defendants provide Exhibit C (attached) that includes citations to locations in each item of prior art where one finds teaching or suggestion of each element of each asserted claim in the '231 patent. For each claim element that is

governed by 35 U.S.C. § 112(6), Exhibits B and C identify structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

### 4. Patent Local Rule 3-4(b)

Pursuant to Patent L. R. 3-4(b), Defendants are producing copies of each item of prior art that does not appear in the file history of the patents-in-suit.

Defendants will supplement their production of documents in a timely manner as its production efforts continue.

## II. DEFENDANTS MAY CHANGE THEIR PRELIMINARY INVALIDITY CONTENTIONS AND ACCOMPANYING DOCUMENTS AS ALLOWED BY LOCAL PATENT RULES.

The above-identified invalidity contentions, including disclosure provided in Exhibits A, B, and C are preliminary and exemplary only. For reasons including but not limited to reasons detailed below, Defendants reserve their rights to modify, amend, or supplement preliminary contentions and disclosures as necessary and as allowed by the Patent Local Rules.

### A. LACK OF NOVELTY AND LOSS OF RIGHT TO PATENT UNDER 35 U.S.C. § 102

Under 35 U.S.C. § 102, a patent is invalid if the claimed subject matter is not novel, or, amongst other conditions, if the inventor(s) has lost a right to patent due to acts of disclosure or commercial activity more than one year prior to application for patent.

#### 1. Lack of Novelty

Exhibits A, B, and C show that various items of prior art anticipate the claimed inventions which Nordic asserts in this action. Further investigation may, however, affect good-faith assessments of the teaching effect of a reference's express, implied, or inherent disclosure on a skilled person's mind. Further development of this case, for example, a claim construction Order, may also affect good-faith assessments of the teaching effect of a reference's express, implied, or inherent disclosure on a skilled person's mind. Accordingly, Defendants reserve their right to modify, amend, or supplement preliminary contentions of anticipation as necessary and as allowed by the Patent Local Rules.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

### 2. Loss of Right to Patent

The face of the '231 patent indicates that the patent issued from Application Serial No. 416,017, filed on October 6, 1999. The face of the '879 patent indicates that the patent issued from Application Serial No. 041,877, filed on October 21, 2001. The face of the '879 patent also indicates that it is a continuation of Application Serial No. 416,017.

Further investigation and development of this case may affect good-faith assessments of whether Joar Opheim lost his right to patent because of acts of disclosure or commerce or both in the time period more than one year prior to the date of application for patent in the United States. Accordingly, Defendants reserve their right to modify, amend, or supplement preliminary contentions of invalidity as necessary and as allowed by the Patent Local Rules.

Section 102 also bars patentability if an applicant for a patent did not himself invent the subject matter sought to be patented (§102(f)) or, before the invention by the applicant, the invention was made in the United States by another who did not abandon, suppress, or conceal it (§102(g)). Evidence produced by Banner Pharamacaps, Inc. on May 13, 2008, shows that the patents-in-suit are invalid under §102(f) and/or §102(g). *See* BP000006-BP000047 and NOR0000085-NOR0000089.

### B. OBVIOUS SUBJECT MATTER UNDER 35 U.S.C. § 103

Under 35 U.S.C. § 103, a patent is invalid if differences between the claimed subject matter and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains.

#### 1. Differences between the claimed subject matter and the prior art

Exhibits A and B illustrate by specific examples that, in general, numerous and varied alterations or combinations of express, implied or inherent teachings of one or more prior art items are possible which eliminate any difference between the subject matter of the claims asserted by Nordic and prior art. Accordingly, Defendants reserve their right to rely not only on the specifically identified citations, but also other aspects to the prior art which are not specifically identified at this time.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

Exhibits A, B, and C also illustrate that if any claim element is deemed, because of further investigation or developments in this case such as a claim construction Order, not to be expressly or impliedly or inherently found in any one reference, then other items of prior art also identified teach the undisclosed element.

For example, "Soft Gelatin Capsules" by J.P. Stanley in "The Theory and Practice of Industrial Pharmacy" discloses water soluble flavoring in the claimed range, but not the specific flavorings recited in claim 3 of the '879 patent. U.S. Patent Nos. 4,532,126 and 4,609,403 disclose specific claimed flavorings, *e.g.,* lemon, orange, and raspberry. The Stanley reference can be combined with U.S. Patent Nos. 4,532,126 or 4,609,403 to eliminate any difference between the subject matter of the claims asserted by Nordic and prior art.

Defendants reserve their right to modify, amend, or supplement these preliminary contentions as necessary and as allowed by the Patent Local Rules.

### 2. Motivation to alter the prior art and arrive at the claimed subject matter

Exhibits A, B, and C illustrate by specific examples that, in general, numerous and varied alterations or combinations of express, implied and inherent teachings of one or more prior art items are possible which eliminate any difference between the subject matter of the claims asserted by Nordic and prior art. For each alteration or combination, suggestions or motivations to alter a reference's teaching or to combine reference teachings are found in the identified references themselves, nature of the problem to be solved, and knowledge of or generally available to one of ordinary skill in the art to which the patents-in-suit pertain.

Further investigation and development of this case may affect good-faith assessments of the teaching effect of a reference's express, implied, or inherent disclosure on a skilled person's mind, as well as the level of ordinary skill in the art and perception of the technical problem at hand. Accordingly, Defendants reserve their right to modify, amend, or supplement preliminary contentions of obviousness as necessary and as allowed by the Patent Local Rules.

### 3. Reasonable likelihood of success in altering the prior art

One of skill in the art would reasonably expect success in altering or combining the various references identified by Exhibit A, B, and C because of the reasonably predictable nature of the gelatin capsule arts.

Further investigation and development of this case may affect good-faith assessments of the reasonably predictable nature of the gelatin capsule arts. Accordingly, Defendants reserve their right to modify, amend, or supplement preliminary contentions of obviousness as necessary and as allowed by the Patent Local Rules.

C. ~~WRITTEN DESCRIPTION~~FAILURE TO COMPLY WITH REQUIREMENTS ~~UNDER 35 U.S.C.~~ OF 35 U.S.C. § 112

Under 35 U.S.C. § ~~112(1),~~112, a patent is invalid if the specification does not contain a written description of the invention, and of the manner and process of making and using it in such full, clear, and concise terms as to enable any person skilled in the art to make and use the invention. Further, a patent is invalid if the inventor does not disclose in the specification the best mode of carrying out the claimed invention. As has become increasingly clear through the claim construction process, culminating in Plaintiff's April 16 reply brief, Plaintiff takes a very expansive view of the scope of the Asserted Patent Claims. As stated in Plaintiff's Reply Claim Construction Brief of April 16, 2008, "Plaintiff's proffered construction that simply requires a range of percentages to be present anywhere in the capsule is supported by the claim language and specification." Further, Plaintiff claimed that "the application of any such coating is part of the manufacturing of the completed dosage form, and thus the coating is part of the capsule." Plaintiff's Reply Claim Construction Brief. Plaintiff further contended that "all that is required is that the proper materials are present in the proper proportions; there is no requirement that they be uniformly mixed or present throughout the capsule. The capsule shell may indeed be uniformly formed, but may just as easily be comprised of *layers or sections of materials*, provided that the proportion and percentages in the claims are met." Plaintiff's Claim Construction Brief, p. 12 (emphasis added). Given its expansive scope argued for in its briefing and at the hearing of April 30, the claims violate the requirements of Section 112 as follows.

### 1. Lack of written description

Under Plaintiff's proposed construction, the claims lack written description for failing to convey with reasonable clarity to those skilled in the art that, as of the filing date, the inventor was in possession of a capsule in which water and/or water soluble flavoring are present in layers, sections, portions or coatings outside of the capsule in the claimed ranges. *See Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991). The written description requirement is satisfied when a patent specification describes an invention in sufficient detail such that one skilled in the art can clearly conclude that "the inventor invented the claimed invention." *Regents of the University of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1566 (Fed. Cir. 1997) (citing *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1572 (1997)). Nothing in the specification, however, discloses a capsule comprising layers, sections, portions or coatings outside of the capsule in the claimed ranges of water or water soluble flavoring as something that actually invented by the named inventor, Joar Opheim. Thus, under Plaintiff's proposed claim construction, the patents are invalid for failing to meet the written description requirement.

### 2. Lack of enablement

Should the Court accept Plaintiff's contention that "water" and "water soluble flavoring" may comprise layers, sections, portions or coatings outside of the capsule shell, rather than be present or mixed throughout the shell, the patents are invalid for lack of enablement as required by 35 U.S.C. §112. The full scope of a claim must be enabled so that any person skilled in the art can make and use the claimed invention without undue experimentation. *Automotive Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1282 (Fed. Cir. 2007). It is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement. *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1366 (Fed. Cir. 1997). If the claims are construed as Plaintiff proposes, *i.e.*, that water and water soluble flavoring need not be present throughout the capsule shell, but may instead comprise layers or sections of the capsule shell, the patents do not enable one skilled in the art to make and use that invention without undue experimentation. *See In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

### **3.  Indefiniteness**

Under Plaintiff's proffered construction, the percentage clauses "simply require[ ] a range of percentages to be present anywhere in the capsule." Plaintiff's Reply Brief at 11. The "range of percentages" language applies to the claim terms "water" and "water soluble flavor," thus, per Plaintiff's constructions, the claims merely require "about 6%" to "about 10%" water and "about 0.5%" to about 1.5%" water soluble flavoring to be "present anywhere in the capsule." Given Plaintiff's construction, the claims are indefinite; one of ordinary skill in the art could not translate the definition into meaningfully precise claim scope.

The Court has refined the construction of "palatable" or palatability to "not having an acceptable or not unpleasant taste." These claim terms are indefinite and render the claims invalid. There is no objective way or defined standard to determine whether the claimed capsule is "palatable" or palatability is improved where the such limitation is completely dependent on the subjective opinion of an individual consuming the capsule. The definition of "palatable" cannot depend on undefined views of unnamed persons. *See Datamize LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1350 (Fed. Cir. 2005). The construction of "palatable" that rests on the subjective experience of the end user or consumer of the capsule would not notify the public of the patentee's right to exclude since the meaning of the claim language would depend on the unpredictable vagaries of any one person's opinion of the pleasantness or acceptability of the taste of the claimed capsule. *See id.* As noted in the specification of the patents here, "[t]aste is … a matter of purely subjective preference," and "is also strongly influenced by experience and cultural impressions." "While beauty is in the eye of the beholder, a claim term, to be definite, requires an objective anchor." *Id.*

Further investigation and development of this case may affect good-faith assessments of the ~~enabling effect of the specification upon a person skilled in the art, and~~compliance of the patents-in-suit with the requirements of 35 U.S.C. §112, including its disclosure of the best mode Joar Opheim had in mind for carrying out the claimed inventions. Accordingly, Defendants reserve their right to modify, amend, or supplement preliminary contentions of inadequate specification as necessary and as allowed by the Patent Local Rules.

1  Therefore, for reasons including but not limited to reasons detailed above, Defendants reserve their rights to modify, amend, or supplement its preliminary contentions and disclosures with respect to invalidity on any and all grounds as necessary and as allowed by the Patent Local Rules.

### ~~III.    DEFENDANTS PROVIDE REFERENCES UPON WHICH IT MAY RELY ON FOR INVALIDITY CONTENTIONS IN THE FUTURE.~~

~~In good faith, Defendants further provide Exhibit D that identifies prior art that Defendants are not presently relying upon for these preliminary contentions, but which Defendants may later rely on in whole or in part for modified, amended, or supplemented preliminary invalidity contentions or ultimate invalidity contentions. Defendants may also rely upon other art or information that may become known as Defendants' discovery and investigation proceeds and the case develops.~~

### III. ~~IV.~~ DOCUMENT PRODUCTION ACCOMPANYING PRELIMINARY INVALIDITY CONTENTIONS.

Defendants have served, concurrently with these <ins>Amended</ins> Preliminary Invalidity Contentions, documents required under Patent Local Rule 3-4(b). Defendants will continue to produce documents in their possession, custody, or control covered by Patent Local Rule 3-4(a).

| | | |
|---|---|---|
| 1 | DATED: ~~October 29, 2007~~May 8, 2008 | MCDERMOTT WILL & EMERY LLP |
| 2 | | |
| 4 | | By: _____ |
| 5 | | William G. Gaede, III |
| 6 | | Attorneys for *J.R. Carlson Laboratories, Inc. and Metagenics, Inc.* |

MPK 141911-1.062114.0123      - 10 -      ~~DEFENDANTS' PRELIMINARY INVALIDITY CONTENTIONS~~DEFENDANTS' AMENDED PRELIMINARY INVALIDITY CONTENTIONS

Document comparison by Workshare Professional on Wednesday, May 14, 2008 5:39:35 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://SVYDMS01/MPK/134483/2 |
| Description | #134483v2<MPK> - Defendants' Preliminary Invalidity Contentions |
| Document 2 ID | interwovenSite://SVYDMS01/MPK/141009/1 |
| Description | #141009v1<MPK> - Defendants' Amended Preliminary Invalidity Contentions |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 33 |
| Deletions | 17 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 50 |

MPK 141911-1.062114.0123