# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Debra L. Dennett
Associate
dldennett@mwe.com
650.813.5107

May 8, 2008

VIA EMAIL: JEGLORE@JONESDAY.COM

James E. Glore
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303

Re:   *Nordic Naturals v. J.R. Carlson Laboratories, Inc. et al.*
      Case No. C-07-02385 PJH

Dear James:

Enclosed with this letter is Defendants' Amended Answer which adds the affirmative defense of inequitable conduct. Defendants have good cause for amending their Answer to include this defense at this time, as it is based on information that was not known to them at the time they filed their original Answer. For example, the misrepresentations to the PTO by Messrs. Lebowitz and Opheim regarding the novelty of capsule shell water concentration between 6% and 10% was revealed for the first time during Mr. Lebowitz's deposition. In addition, Nordic has produced nothing to show Mr. Opheim is the sole inventor of the inventions claimed in the patents-in-suit. We request that Nordic stipulate, no later than noon on Friday, May 9, 2008, to Defendants filing their Amended Answer. If Nordic will not so stipulate, Defendants will file a motion seeking the Court's leave to file.

Also enclosed with this letter are Defendants' Amended Invalidity Contentions, amended in response to positions taken by Nordic during claim construction. Nordic's very expansive view of the scope of the asserted claims of the patents-in-suit requires Defendants to amend their contentions to include invalidity based on lack of written description, enablement, and definiteness. The exhibits to Defendants' invalidity contentions have also been amended to include prior art related to coating, based on Nordic's position during claim construction that the claims should be read to cover coated capsules.

Local Rule 3-6(b) permits Defendants to amend their Preliminary Invalidity Contentions not later than 50 days after service of the Court's Claim Construction Ruling if they have a good faith belief that the Court's ruling so requires. However, discovery in this case will likely end before the Court issues its Claim Construction Ruling. Defendants therefore are providing their Amended Invalidity Contentions now in order to put Nordic on notice of Defendants' contentions and give Nordic the opportunity to pursue discovery on these issues during the

James E. Glore
May 8, 2008
Page 2

remaining discovery period.  Please confirm that you will stipulate to our amending these contentions at this point in time.

                          Sincerely,

                          Debra L. Dennett

MPK 141670-1.062114.0123